09-5189-ag
Modzelewski v. Holder

BIA
Weisel, IJ
A028 775 175

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8ᵗʰ day of December, two thousand ten.

PRESENT:
JOHN M. WALKER, JR.,
PETER W. HALL,
DENNY CHIN,
       *Circuit Judges.*

_____

LESZEK MODZELEWSKI, ALSO KNOWN AS
LESZEK MOZALEWSKI
       *Petitioner,*

v.                                          09-5189-ag
                                            NAC

ERIC H. HOLDER, JR., U.S. ATTORNEY
GENERAL,
       *Respondent.*

_____

FOR PETITIONER:        Przemyslaw Jan Bloch, Brooklyn, New
                       York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Susan H. Houser, Senior

**Litigation Counsel; Kate D. Balaban, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Leszek Modzelewski, a native and citizen of Poland, seeks review of a December 1, 2009, decision of the BIA affirming the September 11, 2008, decision of Immigration Judge ("IJ") Robert D. Weisel denying his motion to rescind an *in absentia* order of removal. *In re Leszek Modzelewski*, No. A028 775 175 (BIA Dec. 1, 2009), *aff'g* No. A028 775 175 (Immig. Ct. N.Y. City Sept. 11, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the denial of a motion to rescind an *in absentia* removal order under the same abuse of discretion standard applicable to motions to reopen. *See Singh v. Maghradze v. Gonzales,* 462 F.3d 150, 152 (2d Cir. 2006). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from

2

established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur v. BIA*, 413 F.3d 232, 233-34 (2d Cir. 2005) (per curiam).

Under the circumstances of this case, we review both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (internal quotations omitted). An order of removal entered *in absentia* may be rescinded only: (1) upon a motion filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances; or (2) upon a motion to reopen filed at any time if the alien demonstrates that he did not receive notice as required or demonstrates that he was in federal or state custody and the failure to appear was through no fault of his own. 8 U.S.C. § 1229a(b)(5)(C).

The agency did not abuse its discretion in denying Modzelewski's motion to rescind by determining that Modzelewski failed to establish that he had not received notice of his hearing as required. When notice is sent by regular mail, the agency may apply "some" presumption of

3

receipt if "the record establishes that the notice was accurately addressed and mailed in accordance with normal office procedures." *Lopes v. Gonzales,* 468 F.3d 81, 85 (2d Cir. 2006) (per curiam) ("*Lopes I*"). This presumption "does no more than to shift a tie-breaking burden of proof to the alien claiming non-receipt." *Lopes v. Mukasey*, 517 F.3d 156, 160 (2d Cir. 2008) ("*Lopes II*"). In turn, the agency has an obligation to "'consider all relevant evidence, including circumstantial evidence, offered to rebut th[e] presumption.'" *Alrefae v. Chertoff,* 471 F.3d 353, 359 (2d Cir. 2006) (quoting *Lopes I*, 468 F.3d at 86) (alteration in original).

   As an initial matter, we decline to consider Modzelewski's unexhausted argument raised for the first time in his brief to this Court that the IJ and BIA disregarded the misspelling of his last name on the notice of his hearing, *see Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007), and conclude that the agency reasonably found that Modzelewski's hearing notice was sent by regular mail to the address of record, *see Lopes I*, 468 F.3d at 85-86.

4

With respect to Modzelewski's claim that the agency did not properly weigh the evidence presented, we conclude that the agency did not abuse its discretion in determining that Modzelewski failed to overcome the slight presumption of receipt in light of its reasonable findings that Modzelewski had earlier refused to acknowledge personal service of his notice to appear, had not provided supporting affidavits other than his own, did not present evidence of actions taken upon learning of the *in absentia* order, and did not indicate that he had made any applications for relief prior to his April 2000 hearing. *See Matter of M-R-A-*, 24 I&N Dec. 665, 674 (BIA 2008). In addition, contrary to Modzelewski's argument, the agency reasonably found his case distinguishable from the petitioner's situation in *Lopes I* and *Lopes II* because unlike the petitioner in those cases, Modzelewski was not potentially eligible for relief from removal at the time of his missed hearing, and Modzelewski did not argue that any other factors, other than his own statement of non-receipt, supported his claim. *See Lopes II*, 517 F.3d at 157, 160; *Lopes I,* 468 F.3d at 83, 85-86. Accordingly, the agency did not abuse its discretion in

5

denying Modzelewski's motion to rescind.  *See Singh*, 462 F.3d at 152.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argumen t in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk