07-1882-ag
Silva v. Mukasey

# UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

————————

## August Term, 2007

(Argued: January 7, 2008                                    Decided: February 21, 2008)

Docket No. 07-1882-ag

————————

EDSON SILVA-CARVALHO LOPES,

*Petitioner*,

—v.—

MICHAEL B. MUKASEY,[1]

*Respondent*.

————————

B e f o r e :

WINTER, STRAUB, and SOTOMAYOR,

*Circuit Judges.*

————————

Petitioner Edson Silva-Carvalho Lopes seeks review of an order of the Board of Immigration Appeals ("BIA") affirming a decision of an Immigration Judge denying his motion to reopen and rescind an in absentia order of removal. Silva claimed that he had not received notice of his removal proceedings. Because we find that the BIA improperly applied a strong presumption of receipt of notice, Silva's petition for review is GRANTED, the decision of the BIA is VACATED, and the case is REMANDED to the BIA for proceedings consistent with this opinion.

——————————————————

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto Gonzales as respondent in this case.

STEVEN LYONS, Law Offices of Martin C. Liu, PLLC, New York, NY, *for Petitioner*.

DAVID E. DAUENHEIMER, Senior Litigation Counsel (Peter D. Keisler, Assistant Attorney General, Civil Division, Richard Evans, Assistant Director, *on the brief*), Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., *for Respondent*.

_____

STRAUB, Circuit Judge:

Petitioner Edson Silva-Carvalho Lopes ("Silva") seeks review of the April 3, 2007 order of the Board of Immigration Appeals ("BIA") affirming the September 16, 2005 decision of Immigration Judge ("IJ") Michael W. Straus denying his motion to reopen and rescind an in absentia order of removal. *In re Edson Silva Carvalho Lopes*, No. A79 737 403 (BIA Apr. 3, 2007), *aff'g* No. A79 737 403 (Immig. Ct. Hartford, Sept. 16, 2005). For the reasons that follow, we grant Silva's petition for review and remand the case to the BIA for proceedings consistent with this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

Silva, a native and citizen of Brazil, entered the United States without inspection on approximately September 7, 2000. In 2001, Silva's employer filed an application for Alien Labor Certification on Silva's behalf, which, if approved, would render him eligible to apply for adjustment of status to that of permanent resident. *See* 8 U.S.C. § 1255(i).

Approximately two years later, officials from U.S. Immigration and Customs Enforcement took Silva into custody while he was working in Augusta, Maine. At that time, Silva was served with a notice to appear ("NTA") warning him that if he failed to appear at his

---

[2]The underlying facts in this case have not changed since our prior opinion in *Lopes v. Gonzales*, 468 F.3d 81 (2d Cir. 2006) (per curiam). We recount the facts here in full for the convenience of the reader.

next hearing, or at any later hearing, "a removal order may be made by the immigration judge in [Silva's] absence."

Silva was released from custody several weeks later, and shortly thereafter, he sent the Immigration Court a change of address form on which he listed his address as "86 Agawam Street, Apt. 06, Lowell, MA 01852-4722." The Department of Homeland Security ("DHS") mailed via regular mail to that address an NTA for an August 26, 2003 hearing.[3] This notice warned Silva that his failure to attend the hearing "may result" in his arrest or the entry of an in absentia order of removal. Silva failed to appear for his scheduled hearing, and the IJ ordered him removed in absentia. Silva claims that he failed to attend the hearing because he never received the NTA.

In February of 2005, Silva's Alien Labor Certification application was approved, and two months later he applied for permanent residency. On his application, he disclosed the pending order of removal. He later filed a motion to reopen his immigration proceedings on the ground that he never received notice of his removal hearing. In support of his motion he submitted a six-paragraph affidavit asserting, in relevant part, that he "did not receive the notice for the August 26, 2003 master calendar hearing." He further maintained that in light of his eligibility for permanent residency, he had no reason to abscond.

The IJ denied Silva's motion to reopen and a subsequent motion to reconsider. Silva

---

[3]Prior to 1997, the Immigration and Nationality Act ("INA") required that notice be sent via certified mail, return receipt requested. 8 U.S.C. § 1252b(a)(2)(A), (f)(1) (repealed, effective 1997). The current statute, however, requires only that written notice "be given in person to the alien (or, if personal service is not practicable, through service by mail to the alien or to the alien's counsel of record, if any)." 8 U.S.C. § 1229(a)(1).

appealed the denial of the motion to reopen, and the BIA dismissed the appeal on December 2, 2005. The BIA noted that in *Matter of Grijalva*, 21 I&N Dec. 27, 37 (BIA 1995), it "held that there is a presumption that the Postal Service properly performs its duties and that this presumption of effective service can only be overcome with 'substantial and probative evidence such as documentary evidence from the Postal Service, third party affidavits, or other similar evidence demonstrating that there was improper delivery.'" The BIA also noted that it had announced those standards at a time when the relevant statute required notices to be served by certified mail, whereas now the statute permits service by regular first class mail.

Nevertheless, the BIA reasoned that as a general matter, "[i]n the absence of clear evidence to the contrary, it is presumed that public officers [such as Immigration Court officials and Postal Service employees] properly discharge their duties." Accordingly, it employed a rebuttable presumption that the notice was properly delivered to Silva, and that he therefore received it. The BIA concluded that Silva had failed to overcome the presumption because he had offered only his affidavit, which amounted to "a bare claim of non-receipt."

Silva timely filed a petition for review of that decision with this Court, and on November 2, 2006, we granted Silva's petition, holding that the BIA properly applied a rebuttable presumption of receipt, but that the BIA erred in failing to consider all of the evidence provided by Silva, including circumstantial evidence that would not have been sufficient under *Grijalva*. *See Lopes*, 468 F.3d at 85 ("*Grijalva's* exacting standards apply only within the context of certified mail . . . ."). On December 14, 2006, we issued a decision in a separate case reaffirming our holding that in cases involving NTAs served by regular mail, *some* presumption of receipt applies; however, the presumption is a "less stringent" one than that provided for in *Grijalva*.

4

*Alrefae v. Chertoff*, 471 F.3d 353, 359-60 (2d Cir. 2006) (recognizing that "we have rejected [the *Grijalva* standard] for notices sent by regular mail").

On April 3, 2007, the BIA again dismissed Silva's appeal, and Silva filed a timely petition for review of that decision.

**DISCUSSION**

We review the denial of a motion to reopen for abuse of discretion. *See Bhanot v. Chertoff*, 474 F.3d 71, 73 (2d Cir. 2007) (per curiam); *Jie Chen v. Gonzales*, 436 F.3d 76, 77 (2d Cir. 2006); *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005). The BIA exceeds the bounds of its allowable discretion if its decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Alrefae*, 471 F.3d at 357 (quoting *Wei Guang Wang v. BIA*, 437 F.3d 270, 273 (2d Cir. 2006)).

Normally, a motion to reopen removal proceedings must be filed within 90 days after the final order of removal is entered. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). However, under 8 U.S.C. § 1229a(b)(5)(C)(ii) an in absentia removal order "may be rescinded . . . upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice in accordance with paragraph (1) or (2) of section 1229(a) of [the INA]." *See also* 8 C.F.R. § 1003.23(b)(4)(iii)(A)(2) ("An order entered in absentia in deportation proceedings may be rescinded . . . upon a motion to reopen filed . . . [a]t any time if the alien demonstrates that he or she did not receive notice . . . .").

In the present case, in once more denying Silva's motion to reopen, the BIA on remand again relied on *Grijalva* for the proposition that "[t]he presumption of effective service can *only*

be overcome with substantial and probative evidence such as documentary evidence from the Postal Service, third party affidavits, or other similar evidence demonstrating there was improper delivery." (emphasis added). The BIA made no mention of the fact that under the law of this Circuit and several other circuits, NTAs that were served via regular mail call for a "less stringent, rebuttable presumption" of receipt. *Alrefae*, 471 F.3d at 359; *see also Kozak v. Gonzales*, 502 F.3d 34, 36 (1st Cir. 2007); *Santana Gonzalez v. Att'y General of U.S.*, 506 F.3d 274, 279 (3d Cir. 2007); *Nibagwire v. Gonzales*, 450 F.3d 153, 156 (4th Cir. 2006); *Maknojiya v. Gonzales,* 432 F.3d 588, 589 (5th Cir. 2005) (per curiam); *Joshi v. Ashcroft*, 389 F.3d 732, 735 (7th Cir. 2004); *Ghounem v. Ashcroft*, 378 F.3d 740, 744-45 (8th Cir. 2004); *Salta v. INS*, 314 F.3d 1076, 1079 (9th Cir. 2002).

While the BIA did evaluate the specific pieces of circumstantial evidence pointed out in our earlier decision, it apparently concluded that they did not rise to the level of "other similar evidence demonstrating there was improper delivery" under *Grijalva*, 21 I. & N. Dec. at 37. It then noted that Silva did not present either of the other two forms of evidence approved of in *Grijalva*—"documentary evidence from the Postal Service" or "affidavits from third parties"—to support its conclusion that the evidence provided by Silva was insufficient to overcome the presumption of delivery. Significantly, the BIA's decision acknowledged that the other evidence submitted by Silva arguably "indicat[ed] he would have appeared at his immigration proceedings had he actually received notice of the hearing"; nevertheless, the BIA "conclud[ed] that [Silva]'s actions are insufficient to rebut the presumption of proper delivery in this case."

Because the decision cites the *Grijalva* standard and makes no mention of a less stringent presumption of receipt, we must assume that "the presumption" that the BIA referred to was the

6

more stringent presumption provided for in *Grijalva*, or a functional equivalent. Because the BIA applied a stringent presumption of delivery of which we have explicitly disapproved in cases such as Silva's where notice was effectuated by regular—as opposed to certified—mail, we hold that the BIA exceeded the bounds of its allowable discretion in dismissing Silva's appeal. The case must be remanded to the BIA for reconsideration under a less stringent standard.

Although we have previously declined to delineate the parameters of such a standard,[4] the Ninth Circuit has concluded that where a petitioner had appeared at earlier immigration proceedings, had no motive to avoid the immigration proceedings, and in fact had initiated proceedings to obtain an immigration benefit, a statement or affidavit by the petitioner stating that he or she had not received notice should ordinarily suffice to overcome the presumption of receipt. *See Salta*, 314 F.3d at 1079; *Sembiring v. Gonzales*, 499 F.3d 981, 986–88 (9th Cir. 2007). The Third and Eighth Circuits have approved of this approach. *See Santana Gonzalez*, 506 F.3d at 279–81; *Ghounem*, 378 F.3d at 745.

This approach appears to us to be sound in light of the reduced reliability of regular mail, as well as the difficulties involved in obtaining the type of evidence required in *Grijalva* in the context of regular mail. *See, e.g.*, *Sembiring*, 499 F.3d at 987 ("If a letter is sent by certified mail,

---

[4] In declining to adopt a specific standard in our prior decisions, we joined those of our sister circuits who explicitly or implicitly saw fit to leave this delineation to the BIA. *See, e.g.*, *Kozak*, 502 F.3d at 36 ("We leave it to the BIA to come up with a new standard to be applied to aliens who claim non-receipt of notices sent by regular mail."); *Nibagwire*, 450 F.3d at 158; *Maknojiya*, 432 F.3d at 589. However, the BIA has, thus far, failed to adopt such a standard. Indeed, on remand in the present case, the BIA issued a one-member, unpublished decision which failed to set forth a standard and, in fact, employed the rejected *Grijalva* standard.

7

there is a paper trail in Postal Service records showing both mailing and receipt (or non-receipt). By contrast, there is no Postal Service paper trail for regular mail. . . . If the evidence described in *Grijalva* 'were the standard under the current statute, we would leave respondents virtually without recourse to rebut the presumption of effective delivery.'" (quoting *Ghounem*, 378 F.3d at 744)). Accordingly, we now join our sister circuits in holding that the burden of proof to overcome the slight presumption of receipt in the context of regular mail is significantly lower than the burden set forth in *Grijalva*. Specifically, we think that the presumption of receipt in regular mail cases does no more than to shift a tie-breaking burden of proof to the alien claiming non-receipt.

Applying the reasoning of the Ninth Circuit would, in our view, lead to the conclusion that Silva's case should be reopened, as the BIA's decision itself acknowledged that the evidence Silva presented—including evidence that Silva had applied for adjustment of status and had indicated on the application that he had a removal order against him—was arguably "an indication he would have appeared at his immigration proceedings had he actually received notice of the hearing, because he had a vested interest in the pending labor certification." We do not presume to instruct the BIA as to the precise documentation and testimony required to defeat the slight presumption of receipt of regular mail. We do, however, hold that the BIA must consider all of the petitioner's evidence (circumstantial or otherwise) in a practical fashion, guided by common sense, to determine whether the slight presumption of receipt of regular mail has more probably than not been overcome. We now leave it to the BIA to apply this less stringent standard to the facts of this case in the first instance.

**CONCLUSION**

For the foregoing reasons, the petition for review is GRANTED, the decision of the BIA is VACATED, and the case is REMANDED to the BIA for proceedings consistent with this opinion. Petitioner's pending motion for a stay of removal is GRANTED pending a decision from the BIA on remand.