**Diego HERNANDEZ, Petitioner,**

v.

**Michael B. MUKASEY [1], Respondent.**

**No. 07–1899–ag.**

United States Court of Appeals, Second Circuit.

Oct. 20, 2008.

Diego Hernandez, New York, NY, pro se.

Peter D. Keisler, Assistant Attorney General, (Barry J. Pettinato, Assistant Director, Robbin K. Blaya, Trial Attorney, of counsel), Office of Immigration Litigation, U.S. Department of Justice, Washington, DC, for Respondent.

Present: PIERRE N. LEVAL, ROBERT A. KATZMANN and DEBRA ANN LIVINGSTON, Circuit Judges.

**SUMMARY ORDER**

Petitioner Diego Hernandez appeals the BIA's denial of his motion to reopen the *in absentia* deportation order of the Immigration Judge ("IJ"), issued when Hernandez failed to appeal for a September 1999 hearing. In August 2006, Hernandez moved to reopen the removal order on the ground that he had not received notice of the September 1999 hearing. The IJ denied the motion, and the BIA dismissed Hernandez's appeal by written *per curiam* opinion on April 20, 2007. *In re Diego Hernandez–Cuesta*, No. A76 025 066 (B.I.A. Apr. 20, 2007), *aff'g* No. A76 025 066 (Immig.Ct.Buffalo, Sept. 22, 2006). We assume the parties' familiarity with the facts, procedural history, and specification of issues for review in this case.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey has been substituted for former Attorney General Alberto Gonzales as a respondent in this case.

An alien removed *in absentia* after failing to appear at a proceeding may file a motion to reopen at any time if he demonstrates that he did not receive proper notice of the proceeding. 8 U.S.C. § 1229a(b)(5)(C)(ii). We review a denial of such a motion to reopen for abuse of discretion. *Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). The "central issue" in a case like this is not "whether the notice was properly mailed, . . . but rather whether the alien actually *received* the notice." *Lopes v. Gonzales,* 468 F.3d 81, 84 (2d Cir.2006) (per curiam) (emphasis in original). Although the BIA may apply a rebuttable presumption that the alien received such a notice if "the record establishes that the notice was accurately addressed and mailed in accordance with normal office procedures," *id.* at 85, in cases like this one, where the notice has been sent by regular, and not certified, mail that presumption is "slight" and "does no more than to shift a tie-breaking burden of proof to the alien claiming non-receipt." *Lopes v. Mukasey (Lopes II),* 517 F.3d 156, 160 (2d Cir.2008). In *Lopes II,* we explicitly rejected the significantly stronger presumption on favor of receipt expressed in the BIA's decision in *Matter of Grijalva,* 21 I. & N. Dec. 27 (BIA 1995). *See Lopes II,* 517 F.3d at 160 (holding that "the burden of proof to overcome the slight presumption of receipt in the context of regular mail is significantly lower than the burden set forth in *Grijalva* "). In this case, the BIA explicitly cited, and apparently applied, the *Grijalva* heightened presumption of receipt that we subsequently rejected in *Lopes II.* On remand, the BIA must assess petitioner's motion under the less stringent presumption we promulgated in *Lopes II. Id.*

We therefore **GRANT** the petition for review, **VACATE** the decision of the BIA, and **REMAND** the case to the BIA for further proceedings consistent with this order.