**Edwin Patricio GARCIA–GAHONA, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,* Respondent.**

No. 07–4677–ag.

United States Court of Appeals, Second Circuit.

Nov. 4, 2008.

Prithika Balakrishnan and Anant Saraswat, Law Student Interns, Jerome N. Frank Legal Services Organization, Yale Law School, New Haven, CT, (Michael Wishnie, Supervising Attorney, on the brief), for Petitioner.

Keith McManus, Office of Immigration Litigation, U.S. Department of Justice, Washington, DC, (Gregory G. Katsas, Acting Assistant Attorney General; Anthony N. Norwood, Senior Litigation Counsel; Sherrie Waldrup on the brief), for Respondent.

Present JOSEPH M. McLAUGHLIN, PIERRE N. LEVAL and ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Edwin Patricio Garcia–Gahona petitions for review of an order of the BIA that (1) affirmed the decision of Immigration Judge ("IJ") Sandy Hom denying Garcia–Gahona's requests to (a) reopen proceedings that led to an in-absentia removal order and (b) rescind that removal order, and (2) declined to remand to the IJ based on new evidence. *See In re Garcia–Gahona,* No. A73–141–547 (B.I.A. Nov. 28, 2003). We assume the parties' familiarity with the facts, proceedings below, and specification of issues for review.

At the time the BIA ruled on Garcia–Gahona's appeal from the IJ's denial of

---

* United States Attorney General Michael B. Mukasey is substituted pursuant to Federal Rule of Appellate Procedure 43(c)(2) for his predecessor Acting Attorney General Peter D. Keisler.

reopening and rescission, it did not have the benefit of *Lopes v. Mukasey,* 517 F.3d 156 (2d Cir.2008) ("*Lopes II*"), in which we held that proof of service of a notice of hearing by regular mail gives rise to only a "slight" presumption of receipt that is "significantly lower" than the presumption applicable when service by certified mail is proven, *id.* at 160. Further, although the BIA cited *Lopes v. Gonzales,* 468 F.3d 81 (2d Cir.2006) ("*Lopes I*"), it also said that it "[could not] find circumstantial evidence that the respondent lacked a motive to avoid his hearing." This statement, coupled with the record before the BIA, strongly suggests that the Board overlooked relevant circumstantial evidence. Garcia–Gahona's change-of-address form was in the record, and a change-of-address form was identified by the *Lopes I* court as circumstantial evidence "illustrat[ing] . . . at least arguably . . . that [petitioner] is not an absconder." *Id.* at 86. The record also contained other evidence—a motion for change of venue and proof that the removal order itself was returned to the agency—that arguably tends to show that Garcia–Gahona did not receive the notice of hearing and was not an absconder. While the BIA is not required to discuss all relevant evidence, *see Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir. 2006), we will vacate and remand where the record "compellingly suggests" that the Board did not consider probative evidence, *see Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158, 159 n. 13 (2d Cir.2006). We find compelling evidence that the BIA overlooked the change-of-address form, the motion to change venue, and the *return to the agency of the remov*al order in its failure to discuss any of this evidence before stating that it "[could not] find circumstantial evidence that respondent lacked a motive to avoid his hearing." Thus, both *Lopes II,* which was not available to the BIA when it made its decision, and the strong suggestion that the BIA

overlooked arguably probative circumstantial evidence require us to vacate and remand.

We review for abuse of discretion the BIA's refusal to remand to the IJ for consideration of Garcia–Gahona's affidavit. *Sanusi v. Gonzales,* 445 F.3d 193, 201 (2d Cir.2006) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). The BIA may grant a motion to remand based on new evidence only where that evidence "could not have been discovered or presented at the former hearing," 8 C.F.R. 1003.2(c).

In this case, the BIA denied remand because it found that Garcia–Gahona failed to show that his affidavit was previously unavailable and because Garcia–Gahona failed to act with due diligence. There is evidence in the record that arguably supports this determination. However, there is also significant evidence of the affidavit's unavailability. Garcia–Gahona was detained at some distance from his student attorneys at the time the reopening motion was filed. In addition, he was subject to immediate removal, which gave his attorneys cause to file immediately without waiting to obtain an affidavit. Further, he actually sent a statement made under penalty of perjury to the immigration judge within two weeks of filing his motion. Under these circumstances, we believe that the BIA should have explained why it did not accept Garcia–Gahona's proof as sufficient. Today's vacatur and remand will afford the BIA an opportunity to provide such an explanation or, if it finds that

Garcia–Gahona has established that he could not have offered his affidavit before the IJ denied his motion, to remand to the IJ. In addition, the BIA provided no explanation for denying the motion to remand on the ground that Garcia–Gahona failed to act with due diligence. We surmise that the BIA was referring to the fact that Garcia–Gahona did not move to reopen the proceedings for nearly six years. In light of the evidence that Garcia–Gahona did not receive notice of the in-absentia removal order, however, remand is also warranted for the BIA to explain why it denied the motion based on a lack of due diligence.

Therefore, we grant review, vacate the order below, and remand for further proceedings.