SUMMARY ORDER
Vijay Sodhi petitions for review of a January 30, 2007 BIA decision denying his motion to reopen the in absentia order of exclusion, which was issued when Sodhi failed to appear for a November 8, 1993 hearing before an Immigration Judge (“U”) in New York City. In re Vijay Sodki, No. A 72 216 732 (B.I.A. Jan. 30, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
An alien may move to reopen his case and rescind an in absentia exclusion order on the ground that he “did not receive notice” of the hearing in the first place. 8 U.S.C. § 1229a(b)(5)(C)(ii). Denials of motions to reopen, including motions to reopen challenging orders of removal entered in absentia, are reviewed for an abuse of discretion. Twum v. INS, 411 F.3d 54, 58 (2d Cir.2005). The “central issue” in a case like this is “whether the alien actually received the notice.” Lopes v. Gonzales (Lopes I), 468 F.3d 81, 84 (2d Cir.2006) (per curiam). Although the BIA may apply a rebuttable presumption that the alien received such a notice if “the record establishes that the notice was accurately addressed and mailed in aecor- *375 dance with normal office procedures,” id. at 85, where, as here, the notice has been sent by regular, and not certified, mail that presumption is “slight” and “does no more than to shift a tie-breaking burden of proof to the alien claiming non-receipt.” Lopes v. Mukasey (Lopes II), 517 F.3d 156, 160 (2d Cir.2008). In Lopes I, we found that the BIA abused its discretion where it dismissed the alien’s motion as having offered “no proof ... beyond a bare claim of non-receipt,” but did not discuss circumstantial evidence corroborating the claim of non-receipt. 468 F.3d at 85-86.
In this case, the BIA invoked a presumption “that the notice was delivered to the intended address.” It concluded that Sodhi had not provided sufficient evidence to rebut that presumption, observing that the only evidence offered to rebut the presumption were “the self-serving affidavits ... essentially claiming that the notice was never received.” Although the BIA may have found the allegations unpersuasive, many of Sodhi’s claims, which neither the government nor the BIA have contested, are at least circumstantial evidence of non-receipt. Specifically, Sodhi alleges (1) that he appeared at an earlier scheduled hearing, (2) that he advised the IJ when he could not attend a scheduled hearing due to illness, (3) that he went to the Chicago INS office after he failed to attend the November 8, 1993 hearing, and (4) that he filed change of address cards with the INS reflecting his relocation to Chicago. These unchallenged allegations “arguably ... indicate] that he would have appeared at his immigration proceedings had he actually received notice of the hearing.” Lopes II, 517 F.3d at 160. On the other hand, as the BIA points out, there is some circumstantial evidence that he knew a missed hearing had been held but did not inquire about the result of that hearing until he was ready to apply for new relief in 2005. Thus, while we do not decide that the circumstantial evidence compels a conclusion that Sodhi has rebutted the presumption of receipt, the BIA’s suggestion that Sodhi’s “claim[ ] that the notice was never received” was the only evidence of non-receipt strongly suggests that the Board overlooked relevant circumstantial evidence. While the BIA is not required to discuss all relevant evidence, see Wei Guang Wang v. BIA, 437 F.3d 270, 275 (2d Cir.2006), we will vacate and remand where it appears that the BIA did not consider all relevant evidence, see Lopes I, 468 F.3d at 86 (vacating and remanding case where it was clear, based on BIA’s statement that there was “no proof ... beyond a bare claim of non-receipt,” that the BIA had not considered all relevant circumstantial evidence); Xiao Ji Chen v. U.S. Dep’t of Justice, 434 F.3d 144, 158, 159 n. 13 (2d Cir.2006) (“[W]e presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise.”).
We find compelling evidence that the BIA overlooked circumstantial evidence in its failure to discuss any such evidence. Therefore, it is appropriate to vacate and remand this case. On remand, the BIA 'should address also whether notice of the June 30, 1993 hearing was properly provided where it was not sent by certified mail.
Accordingly, the petition for review is GRANTED, the BIA’s decision is VACATED and the case is REMANDED for further proceedings consistent with this order.