Zhen v. Holder

BIA
A029 806 331

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of November, two thousand eleven.

PRESENT:
>JON O. NEWMAN,
>ROBERT A. KATZMANN,
>DENNY CHIN,
>>*Circuit Judges.*

_____

ZTHING CHI ZHEN, AKA SHUN-JEN CHEN,
AKA ZHONG QI CHEN,
>*Petitioner*,

v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>*Respondent*.

10-3729-ag
NAC

_____

FOR PETITIONER:     Theodore N. Cox, New York, N.Y.

FOR RESPONDENT:     Tony West, Assistant Attorney General; Keith I. McManus, Senior Litigation Counsel; Lindsay M. Murphy, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zthing Chi Zhen, a native and citizen of the People's Republic of China, seeks review of an August 31, 2010, decision of the BIA denying his motion to reconsider. *In re Zthing Chi Zhen*, No. A029 806 331 (B.I.A. Aug. 31, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Since Zhen petitions for review of the denial of a motion to reconsider, but not from the underlying decision for which reconsideration is sought, we review only the denial of his motion to reconsider. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89-90 (2d Cir. 2001). The BIA's denial of a motion to reconsider is reviewed for abuse of discretion. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006). Zhen's only argument before the Court is that the BIA abused its discretion in declining to reconsider its denial of his motion to rescind an immigration judge's ("IJ") *in absentia* exclusion order.

A motion to rescind "an order of exclusion in absentia

must be supported by evidence that the alien had reasonable cause for his failure to appear."  8 C.F.R. § 1003.23(b)(4)(iii)(B); *see also Matter of Haim*, 19 I. & N. Dec. at 641, 642 (BIA 1988).  Lack of notice of a hearing may constitute "reasonable cause" for failure to appear at a hearing.  *Cf.* 8 C.F.R. § 1003.23(b)(4)(iii)(A) (permitting rescission of an *in absentia* deportation order at any time if the alien did not receive notice of his hearing).  When notice of a hearing is sent by regular mail, the agency may apply "some presumption of receipt" if "the record establishes that the notice was accurately addressed and mailed in accordance with normal office procedures." *Lopes v. Gonzales,* 468 F.3d 81, 85 (2d Cir. 2006) (per curiam). This presumption "does no more than [] shift a tie-breaking burden of proof to the alien claiming non-receipt." *Lopes v. Mukasey*, 517 F.3d 156, 160 (2d Cir. 2008).  In turn, the agency has an obligation to "consider all relevant evidence, including circumstantial evidence, offered to rebut th[e] presumption."  *Alrefae v. Chertoff*, 471 F.3d 353, 359-60 (2d Cir. 2006)(quoting *Lopes*, 468 F.3d at 86) (alteration in original).

In this case, the record contains an October 22, 1990,

3

hearing notice correctly addressed to Zhen's address of record. We decline to consider Zhen's unexhausted contention that the agency erred in finding that this hearing notice gave rise to a rebuttable presumption of receipt of notice, *see Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007), and we find that the agency did not err in determining that Zhen failed to rebut such a presumption.

Aside from Zhen's conclusory assertion in his affidavit that he did not receive the hearing notice – a claim that he failed to support with an affidavit in his first motion to rescind – he provided no evidence demonstrating non-delivery or improper delivery. Furthermore, while the existence of a pending application may constitute circumstantial evidence that "make[s] it less likely that" an alien was motivated to avoid immigration proceedings, *Lopes*, 468 F.3d at 86, Zhen did not have any applications pending for relief at the time of his 1990 hearing, nor was he then eligible for the forms of relief he sought in subsequent removal proceedings. The agency also reasonably found Zhen's ineffective assistance of counsel claim to be without merit since there was no evidence that any attorney entered an appearance in his

4

exclusion proceedings or that the agency had sent an attorney notice of Zhen's hearing.

Thus, because the agency is not required to find a movant's general assertions of non-receipt sufficient to rebut a presumption of receipt, *Alrefae*, 471 F.3d at 360, and because Zhen failed to provide any additional evidence - circumstantial or otherwise - of non-receipt, the BIA did not abuse its discretion in declining to find any error in its decision affirming the IJ's denial of Zhen's second motion to rescind his *in absentia* exclusion order, *see Jin Ming Liu*, 439 F.3d at 111.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk