10-4041-ag
Lalvay-Chacha v. Holder

BIA
Straus, IJ
A029 040 975

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of April, two thousand twelve.

PRESENT:
    BARRINGTON D. PARKER,
    PETER W. HALL,
    DENNY CHIN,
        *Circuit Judges.*

_____

SERAFIN LUIS LALVAY-CHACHA,
        *Petitioner,*

        v.                                  10-4041-ag
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Michael Brown, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Linda S. Wernery, Assistant
                       Director; Walter Bocchini, Trial
                       Attorney, Office of Immigration
                       Litigation, Civil Division, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Serafin Luis Lalvay-Chacha, a native and citizen of Ecuador, seeks review of a September 9, 2010, order of the BIA affirming the December 7, 2009, decision of Immigration Judge ("IJ") Michael W. Straus denying his motion to rescind an *in absentia* removal order and reopen his proceedings. *In re Serafin Luis Lalvay-Chacha*, No. A029 040 975 (B.I.A. Sept. 9, 2010), *aff'g* No. A029 040 975 (Immig. Ct. N.Y. City Dec. 7, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions. *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). We review the agency's denial of a motion to rescind for abuse of discretion. *See Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006).

A deportation order entered *in absentia* may be rescinded if the alien shows he did not receive notice of the hearing. *See Lopes v. Gonzales*, 468 F.3d 81, 84 (2d Cir. 2006) (per curiam) ("*Lopes I*"). There is a slight presumption of receipt because the record shows the notice was accurately addressed and mailed. *Id.* at 85-86. The agency did not abuse its discretion in concluding that the circumstantial evidence in this case did not rebut that presumption.

The BIA reasonably noted that Lalvay-Chacha did not show that he had an incentive to attend his immigration court hearing, as he did not have any applications which could have secured him relief from deportation pending at the time. *Cf. Lopes v. Mukasey*, 517 F.3d 156, 160 (2d Cir. 2008) ("*Lopes II*") (concluding that alien had incentive to appear because he had a "vested interest" in an application filed on his behalf). Moreover, while Lalvay-Chacha hired an attorney and filed a motion to reopen promptly after he received notice of the *in absentia* deportation order, the record supports the BIA's conclusion that he did not pursue his case with sufficient diligence because he did not appeal

2

the IJ's denial of his first motion to reopen but rather remained in the United States for nineteen years until he was again placed in removal proceedings. *See Lopes I*, 468 F.3d at 86 (discussing actions which would suggest that an alien "is not an absconder").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk