Silva-Silva v. Barr

BIA
Straus, IJ
A200 031 712

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of November, two thousand nineteen.

PRESENT:
  REENA RAGGI,
  SUSAN L. CARNEY,
  RICHARD J. SULLIVAN,
      *Circuit Judges.*

_____

ERICO SILVA-SILVA, AKA ANDERSON
ERICO DA SILVA,
      *Petitioner,*

  v.                                    17-2784
                                        NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:          Jeffrey A. Devore, Esq., Palm
                         Beach Gardens, FL.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Erica B. Miles,
                         Senior Litigation Counsel; Enitan
                         O. Otunla, Trial Attorney, Office
                         of Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Erico Silva-Silva, a native and citizen of Brazil, seeks review of an August 10, 2017, decision of the BIA affirming a March 20, 2017, decision of an Immigration Judge ("IJ") denying Silva-Silva's motion to reopen his removal proceedings and rescind his removal order. *In re Erico Silva-Silva,* No. A 200 031 712 (B.I.A. Aug. 10, 2017), *aff'g* No. A 200 031 712 (Immig. Ct. Hartford Mar. 20, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528 (2d Cir. 2006). We review the denial of a motion to reopen and rescind an in absentia removal order for abuse of discretion. *See Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006).

There are two grounds to rescind an in absentia removal order: (1) lack of notice of the hearing; and (2) exceptional

2

circumstances for failure to appear if rescission is requested within 180 days. 8 U.S.C. § 1229a(b)(5)(C); 8 C.F.R. § 1003.23(b)(4)(ii). Only the first provision is at issue because Silva-Silva filed his motion to reopen and rescind more than 10 years after the IJ entered the removal order.

If, as here, notice was "served via regular mail," there is "a 'less stringent, rebuttable presumption' of receipt" than if served by certified mail. *Silva-Carvalho Lopes v. Mukasey*, 517 F.3d 156, 159 (2d Cir. 2008) (quoting *Alrefae*, 471 F.3d at 359). The agency "must consider all of the petitioner's evidence (circumstantial or otherwise) in a practical fashion, guided by common sense, to determine whether the slight presumption of receipt of regular mail has more probably than not been overcome." *Id.* at 160. Importantly, however, for aliens who receive notice of their obligation to inform the immigration court of any change in address and of the consequences of failing to do so, in compliance with 8 U.S.C § 1229(a), the "requirement that an alien 'receive' notice [is] constructively satisfied if notice is properly provided and the alien changes address

3

without informing" the agency. *Maghradze v. Gonzales*, 462 F.3d 150, 154 (2d Cir. 2006).

The agency may consider, among other evidence, the following:

> (1) the respondent's affidavit; (2) affidavits from family members or other individuals who are knowledgeable about the facts relevant to whether notice was received; (3) the respondent's actions upon learning of the in absentia order, and whether due diligence was exercised in seeking to redress the situation; (4) any prior affirmative application for relief, indicating that the respondent had an incentive to appear; (5) any prior application for relief filed with the Immigration Court or any prima facie evidence in the record or the respondent's motion of statutory eligibility for relief, indicating that the respondent had an incentive to appear; (6) the respondent's previous attendance at Immigration Court hearings, if applicable; and (7) any other circumstances or evidence indicating possible nonreceipt of notice.

*Matter of M-R-A-*, 24 I. & N. Dec. 665, 674 (B.I.A. 2008). The agency did not abuse its discretion in denying Silva-Silva's motion to rescind.

First, the agency reasonably applied the slight presumption that Silva-Silva received notice of his May 2006 hearing based on the following. In July 2005, Silva-Silva was personally served with, and signed and fingerprinted, a Notice to Appear ("NTA"), which placed him in removal

4

proceedings, informed him of the time, date, and place of a hearing in Connecticut, and warned him that he could be ordered removed in absentia if he failed to provide a change of address. He does not allege that he appeared at the time and place listed in the NTA. Moreover, hearing notices mailed to that address in 2005 and 2006 were returned to the immigration court. Although these return notices indicate that Silva-Silva did not actually receive the notices, he "is deemed to be in constructive receipt of properly-provided notice — and hence ineligible for rescission of his in absentia order of removal — if he thwarted delivery." *Maghradze*, 462 F.3d at 153-54. The agency did not abuse its discretion in concluding that Silva-Silva thwarted delivery: even crediting his allegation that the Connecticut address was wrong, he received the NTA and Form I-213 that contained the incorrect address, as well as a warning about changing the address and the consequences of failure to appear in the Connecticut immigration court, which was the court listed on his NTA. Because the agency sent the hearing notices to his address of record, he is presumed to be in receipt of the notices. *See Silva-Carvalho Lopes*, 517 F.3d at 160;

5

*Maghradze*, 462 F.3d at 153-54.

Nor did Silva-Silva rebut the presumption of receipt. His affidavit did not explain why he failed to challenge the erroneous address or the fact that the NTA listed the hearing location as Connecticut. Therefore, his affidavit provided no basis for finding the presumption of receipt overcome. *See Maghradze*, 462 F.3d at 154.

The agency also reasonably found it troubling that Silva-Silva failed to inquire into the status of his removal proceedings or apply for relief in those proceedings for approximately 12 years. *See Matter of M-R-A-*, 24 I. & N. Dec. at 674 (holding that agency may consider movant's due diligence in seeking to rectify in absentia order and his prima facie eligibility for relief at time of original hearing). His affidavit did not describe any action he took in the almost 12 years that passed between service of the NTA and his motion to reopen and rescind. Therefore, given that Silva-Silva failed to inquire about or apply for relief until his visa petition was approved in 2015, he did not demonstrate that he had an incentive to appear at his hearing and would have done so had he received notice in 2006. *See id.*

Finally, Silva-Silva's argument that his failure to appear stemmed from the lack of a written translation of the NTA is unavailing. There is no requirement that the Government provide a written translation of the NTA. *See* 8 U.S.C. § 1229(a)(1); *Lopes v. Gonzales*, 468 F.3d 81, 84-85 (2d Cir. 2006) ("[W]e reject [petitioner's] claim that the notices to appear were defective because they did not advise him in his native Portuguese . . . . The relevant statute does not require that notice be provided in any particular language."). The record adequately demonstrates that Silva-Silva received the requisite oral notice in Portuguese of the time and place of his hearing and the consequences of failing to appear, and the NTA instructed him to appear before an IJ at "Ribicoff Federal Building 450 Main Street Room 509 Hartford CONNECTICUT US." Certified Administrative Record at 118.

In sum, because Silva-Silva was personally served with an NTA that listed both his address and hearing location as Connecticut and warned of the consequences of failing to give notice of a change of his address, Silva-Silva has not overcome the presumption of receipt, and the agency did not

abuse its discretion in declining to rescind his in absentia removal order.  *See* 8 U.S.C. § 1229a(b)(5)(C)(ii); *see also* *Silva-Carvalho Lopes*, 517 F.3d at 160; *Matter of M-R-A-*, 24 I. & N. Dec. at 674.

For the foregoing reasons, the petition for review is DENIED.  All pending motions are DENIED and stays VACATED.

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court
```

8