He v. Garland
BIA
Sponzo, IJ
A206 583 322

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of March, two thousand twenty-three.

PRESENT:
>        JOHN M. WALKER, JR.,
>        RAYMOND J. LOHIER, JR.,
>        MYRNA PÉREZ,
>             *Circuit Judges.*

_____

HUI HE,
>        *Petitioner*,

>        v.                                          20-3457
>                                                    NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
>        *Respondent*.

_____

FOR PETITIONER:             Aleksander Boleslaw Milch, Esq.,
                            The Kasen Law Firm, PLLC,
                            Flushing, NY.

FOR RESPONDENT:             Brian Boynton Acting Assistant
                            Attorney General; Anthony C.
                            Payne, Assistant Director; Jeffery
                            R. Leist, Senior Litigation

Counsel; Jessica D. Strokus, Trial Attorney; Kirsten Williams, Law Clerk, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Hui He, a native and citizen of the People's Republic of China, seeks review of a September 29, 2020, decision of the BIA denying her motion to reconsider. *In re Hui He,* No. A 206 583 322 (B.I.A. Sept. 29, 2020). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reconsider for abuse of discretion. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006). The BIA abuses its discretion where it "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious

2

manner." *Ke Zhen Zhao v. U.S. Dep't of Just.*, 265 F.3d 83, 93 (2d Cir. 2001) (citations omitted).

The BIA offered two reasons for summarily dismissing He's appeal, which it reiterated in its decision declining to reconsider that dismissal. First, it noted that He's notice of appeal was infirm. Immigration regulations provide that the BIA may "summarily dismiss any appeal" if a notice of appeal "fails to specify the reasons for the appeal." 8 C.F.R. § 1003.1(d)(2)(i)(A) (2020). Although Petitioner He did fail to specify the reasons for her appeal, the operation of another regulatory provision renders this justification for the summary dismissal unavailing. That provision, 8 C.F.R. § 1003.1(e)(1) (2020), requires that "[a]ppeals subject to summary dismissal as provided in paragraph (d)(2) of this section . . . be promptly dismissed."

The BIA did not dismiss He's appeal promptly. He filed her notice of appeal on July 25, 2018, but the BIA did not dismiss the appeal until May 8, 2020. We conclude that this nearly two-year lag was not prompt. Although the effective regulation did not specify what constitutes prompt dismissal, a subsequently enacted version of the regulation does. The

3

regulation now in effect requires the BIA to dismiss appeals pursuant to § 1003.1(d)(2) "no later than 30 days after the Notice of Appeal was filed."  8 C.F.R. § 1003.1(e)(1) (2022). This change, though not dispositive, confirms our conclusion that the BIA waited too long to dismiss He's appeal for a technicality that was evident on the face of the notice of appeal.

The BIA's second rationale for summarily dismissing He's appeal was that she "did not file a brief within the time set for filing."  The BIA may summarily dismiss an appeal when an appellant indicates that "she will file a brief or statement in support of the appeal and, thereafter, does not file such brief or statement, or reasonably explain [her] failure to do so, within the set time for filing."  8 C.F.R. § 1003.1(d)(2)(i)(E).  In her request for reconsideration, He alleged that her failure to file a brief ought to be excused because she never received the briefing schedule or hearing transcript.  She supported this claim with her own affidavit of nonreceipt and an affidavit from her attorney's office manager stating that the office has a process for electronically logging mail and had no record of receipt of

these documents.

"[A] presumption of receipt is proper so long as the record establishes that the notice was accurately addressed *and mailed*." *Lopes v. Gonzales*, 468 F.3d 81, 85 (2d Cir. 2006) (emphasis added). "[A] stringent presumption of delivery" applies to certified mail, whereas "the burden of proof to overcome the slight presumption in the context of regular mail is significantly lower." *Silva-Carvalho Lopes v. Mukasey*, 517 F.3d 156, 159-60 (2d Cir. 2008). The lower presumption may be overcome by affidavits indicating nonreceipt. *Matter of M-R-A-*, 24 I. & N. Dec. 665, 674 (B.I.A. 2008). "In determining whether a respondent has rebutted the weaker presumption of delivery . . . an [IJ] may consider a variety of factors," including "the respondent's affidavit," "affidavits from . . . individuals who are knowledgeable about the facts," "due diligence . . . in seeking to redress the situation," and "any other circumstances or evidence indicating possible nonreceipt of notice." *Id.*

In this case, the BIA's analysis of He's claim of non-receipt of the briefing schedule or hearing transcript was

insufficient. The BIA stated that the briefing notice was mailed, but there is no evidence of that mailing in the record, nor any statement of the type of mail used. Given that the "slight" presumption of delivery of regular mail "does no more than to shift a tie-breaking burden of proof to the alien claiming non-receipt," *Silva-Carvalho Lopes*, 517 F.3d at 160, the BIA should have explained why the affidavits of nonreceipt did not rebut the presumption, particularly given the lack of evidence of mailing and the diligence exercised following the BIA's dismissal of the appeal. *See Ke Zhen Zhao*, 265 F.3d at 93 (holding that abuse of discretion may occur where agency fails to "provide[] . . . rational explanation" or where its decision "contains only summary or conclusory statements").

For the foregoing reasons, the petition for review is GRANTED and the matter is REMANDED to the BIA for further consideration.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6