24-1889-cv
Katergaris v. City of New York

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of April, two thousand twenty-five.

PRESENT: DENNIS JACOBS,
DENNY CHIN,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

------------------------------------------------------------------

SERAFIM GEORGIOS KATERGARIS,

*Plaintiff-Appellant*,

v.                                                          No. 24-1889-cv

CITY OF NEW YORK,

*Defendant-Appellee.*

------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:  William R. Maurer, Institute for Justice, Seattle, WA, Diana K. Simpson, Jared McClain, William Aronin, Institute for Justice, Arlington, VA

FOR DEFENDANT-APPELLEE:  Richard Dearing, Claude S. Platton, Hannah J. Sarokin, of Counsel, *for* Muriel Goode-Trufant, Corporation Counsel of the City of New York, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul A. Engelmayer, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Serafim Georgios Katergaris appeals from a judgment of the United States District Court for the Southern District of New York (Engelmayer, *J.*) granting summary judgment in favor of the City of New York (the "City") and dismissing Katergaris's due process claims under 42 U.S.C. § 1983 arising out of violations and fines assessed against him by the Department of Buildings (the "DOB"). We assume the parties' familiarity with the underlying facts and the record of

2

prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Katergaris purchased the property at the center of this dispute (the "Property") in New York City in November 2014. At all relevant times, the City has required that owners of certain types of properties with low-pressure boilers file annual boiler inspection reports with the DOB. A property owner who fails to comply is subject to a $1,000 fine. As late as 2013, the Property had an active low-pressure boiler. A previous owner of the Property failed to file an inspection report for 2013 and in March 2015 the DOB issued a violation notice for the Property, which Katergaris had since purchased. The City maintains that it mailed a notice of the violation addressed to Katergaris at the Property in March 2015. Katergaris alleges that he never received the March 2015 notice and did not learn of the violation until 2021, when he sold the Property. Katergaris thereafter paid the fine "under protest" and, on August 30, 2022, commenced this lawsuit. App'x 720. The City moved to dismiss, arguing in relevant part that Katergaris's section 1983 claim was untimely. After converting the motion to dismiss to a motion for summary judgment and

3

allowing partial discovery, the District Court granted summary judgment in favor of the City.

The statute of limitations for Katergaris's section 1983 claim, determined by New York law, is three years. *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009). Federal law determines when the claim accrues, that is, "when the plaintiff knows or has reason to know of the injury." *Barnes v. City of New York*, 68 F.4th 123, 127 (2d Cir. 2023) (quotation marks omitted). The parties dispute whether Katergaris's claim accrued in March 2015, when the City claims it mailed notice of the violation, or in 2021, when Katergaris alleges he first learned of the violation.

Where a party "provides evidence that [mailings] were properly addressed and mailed in accordance with regular office procedures, it is entitled to a presumption that the notices were received." *Akey v. Clinton Cnty.*, 375 F.3d 231, 235 (2d Cir. 2004). Testimonial evidence of "office procedures, followed in the regular course of business, pursuant to which notices have been addressed and mailed," *Ma v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 597 F.3d 84, 92 (2d Cir. 2010), is sufficient to "establish[] prima facie evidence of the mailing and create[]

4

a rebuttable presumption as to receipt," *Meckel v. Cont'l Res. Co.*, 758 F.2d 811, 817 (2d Cir. 1985).

We agree with the District Court that the City adduced sufficient testimonial and documentary evidence to establish the rebuttable presumption as to receipt by Katergaris. It is undisputed that the notice was properly addressed to Katergaris at the Property. Moreover, Juan Ruiz, the DOB manager who oversaw the mailing of boiler inspection violation notices in March 2015, and Michael Muniz, an employee at Vanguard, the firm with which the DOB contracted to perform the March 2015 and other mailings, both testified about the process undertaken by the DOB and Vanguard to compile, review, send, and confirm violation notices. This and other evidence of communications between the DOB and Vanguard regarding the March 2015 mailing are sufficient to establish the presumption of receipt. *Ma*, 597 F.3d at 92.

Katergaris argues that this evidence is inadequate to establish the presumption of receipt because Vanguard subcontracted the process of printing notices, stuffing envelopes, and delivering them to the United States Postal Service to a third party, AST. Accordingly, he claims, neither Ruiz nor Muniz had personal knowledge that regular office procedures were followed in the

5

mailing at issue in this case. *Meckel*, 758 F.2d at 817. We disagree. Muniz testified about his contemporaneous communications with AST during the printing process and described the procedures for printing, stuffing, troubleshooting, delivering to USPS, affixing postage, and confirming the mailing. *See id.* (observing that an affiant can have personal knowledge of regular mailing procedures even if he "did not work in the mailroom, go to the post office, state the procedures that were followed, [or] . . . personally do the mailing").

Katergaris alternatively argues that he rebutted the presumption of receipt by declaring that he did not receive the mailing, that he generally pays or contests citations immediately upon receipt, and that he responded immediately when he did learn of the violation in 2021. It is true that rebutting the presumption does not require "direct proof that the routine office procedure was either not followed or carelessly carried out." *Id.* But "[d]enial of receipt, without more, is insufficient to rebut the presumption." *Akey*, 375 F.3d at 235. Moreover, we agree with the District Court that the additional circumstantial evidence Katergaris points us to is undercut by his admission that his mail retrieval system in March 2015 — featuring "a little plastic baggie" hanging from

the fence into which mail might be "rolled-up" and "stuff[ed]" if it were not "thrown down in the lower entrance" or left outside "on the stoop" — was unreliable. App'x 276–78.

Katergaris asserts that in the context of mailed notices to appear for immigration proceedings, we have adopted a weaker presumption that should apply here and that his circumstantial evidence rebuts at least that lesser presumption. *Silva-Carvalho Lopes v. Mukasey*, 517 F.3d 156 (2d Cir. 2008), on which Katergaris relies, is inapposite. That case addresses issues specific to immigration proceedings and otherwise reaffirms the general approach employed across our cases. *Id.* at 159–60.

Katergaris also asks us to revisit our mailbox rule as being incompatible with Federal Rule of Evidence 301, effectively unrebuttable, and an outlier among circuits. But Katergaris cites no cases to support his argument that Rule 301 requires that a presumption can be rebutted by a bare declaration of non-receipt. *See ITC Ltd. v. Punchgini, Inc.*, 482 F.3d 135, 150 (2d Cir. 2007) ("The summary judgment rule would be rendered sterile if the mere incantation of intent or state of mind would operate as a talisman to defeat an otherwise valid motion." (cleaned up)). Moreover, Katergaris mischaracterizes the stringency of

7

our rule: "direct proof" that office procedures were not followed is not, under our rule, "the sole or exclusive means to rebut proof that notice was mailed." *Meckel*, 758 F.2d at 817. We decline Katergaris's invitation to abandon our well-established approach to the mailbox rule. *See United States v. Barrett*, 102 F.4th 60, 82 (2d Cir. 2024).

## CONCLUSION

We have considered Katergaris's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8