11-2994-ag
He v. Holder

BIA
A076 096 507

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of August, two thousand twelve.

PRESENT:
> JOSÉ A. CABRANES,
> GERARD E. LYNCH,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

JING RONG HE,
> *Petitioner,*

> v.                                                          11-2994-ag
>                                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Meer M. M. Rahman, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Melissa Neiman-Kelting, Senior Litigation Counsel; Stefanie Notarino Hennes, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Jing Rong He, a native and citizen of the People's Republic of China, seeks review of a June 28, 2011 decision of the BIA denying his motion to rescind and reopen. *In re Jing Rong He*, No. A076 096 507 (B.I.A. June 28, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Motions to reopen removal proceedings in which an alien was ordered removed *in absentia* are governed by different rules depending on whether the movant seeks to rescind the *in absentia* removal order or present new evidence of his eligibility for relief. *See Song Jin Wu v. INS*, 436 F.3d 157, 163 (2d Cir. 2006); *In re M-S-*, 22 I. & N. Dec. 349, 353–55 (B.I.A. 1998) (en banc). Accordingly, where, as here, an alien files a motion that seeks both rescission of an *in absentia* removal order as well as reopening of removal proceedings based on new evidence, we treat the motion as comprising distinct motions to rescind and to reopen. *See Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006); *see also Maghradze v. Gonzales*, 462 F.3d 150, 152 n.1 (2d Cir. 2006). We review the denial of a motion to rescind an *in*

2

*absentia* removal order under the same abuse-of-discretion standard applicable to motions to reopen. *See Alrefae*, 471 F.3d at 357; *see also Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam).

## A.   Motion to Rescind

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (per curiam).  An order of removal entered *in absentia* may be rescinded only upon: (1) a motion filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances; or (2) a motion to reopen filed at any time if the alien demonstrates that he did not receive notice as required or demonstrates that he was in federal or state custody and the failure to appear was through no fault of his own.  8 U.S.C. § 1229a(b)(5)(C); 8 C.F.R. § 1003.23(b)(4)(ii).

The agency did not abuse its discretion in denying He's motion to rescind because it reasonably determined that He failed to establish that he had not received notice of his October 1999 hearing.  *See* 8 U.S.C. § 1229a(b)(5)(C)(ii). When notice is sent by regular mail, the agency may apply a "slight" rebuttable presumption of receipt if "the record establishes that the notice was accurately addressed and

3

mailed in accordance with normal office procedures." *Lopes v. Gonzales,* 468 F.3d 81, 85–86 (2d Cir. 2006) (per curiam) ("*Lopes I*"). This presumption "does no more than to shift a tie-breaking burden of proof to the alien claiming non-receipt." *Lopes v. Mukasey*, 517 F.3d 156, 160 (2d Cir. 2008) ("*Lopes II*"). In turn, the agency has an obligation to "consider all relevant evidence, including circumstantial evidence, offered to rebut th[e] presumption." *Lopes I*, 468 F.3d at 86.

Here, the record shows that He was served in August 1999 with a Notice to Appear ("NTA") sent by regular mail to "5106 7th Avenue #3R Brooklyn, NY 11220-0000." Because He does not challenge the accuracy of the address listed on the NTA, and because the NTA had been sent by regular mail in accordance with established Department of Justice procedures, the agency correctly determined that there was a "slight" rebuttable presumption of receipt of notice, *see Lopes I*, 468 F.3d at 85-86, and therefore properly shifted the burden to He to rebut the presumption, *see Lopes II,* 517 F.3d at 160.

In finding that He failed to rebut this presumption, the agency determined that the factors weighing against He's claim of non-receipt (i.e., that He had previously received correspondence from the New York Asylum Office at the same address to which the NTA was mailed, and that he waited more

4

than ten years, until after he became eligible for an alternative form of relief, to seek to rescind the *in absentia* removal order) outbalanced the sole factor weighing in favor of He's claim of non-receipt (i.e., He's affidavit stating that he did not receive notice of his hearing and that he had "no motive or intent to evade the government"). *See In re M-R-A-*, 24 I. & N. Dec. 665, 674-76 (B.I.A. 2008). Although He argues that his affidavit should suffice to overcome the presumption of receipt, the agency considered and balanced all the factors relevant to He's case, and reasonably concluded that the factors adverse to He's claim of non-receipt outweighed the factors favorable to his claim. *See id.* at 674; *Lopes I*, 468 F.3d at 85-86 (stating that because "an affidavit of non-receipt might be insufficient by itself to rebut the presumption," the BIA must consider "*all* relevant evidence").

Furthermore, although He alleges that he became aware of the *in absentia* order of removal only after he consulted with an attorney about applying for adjustment of status in June 2010, and that he diligently moved to rescind the *in absentia* removal order the following month, He did not submit an affidavit from his attorney, or any other individual with knowledge of the relevant facts, corroborating his account of the circumstances that led him to discover the *in absentia*

removal order.  Nor did He allege that he took any steps to inquire about his asylum application, or his immigration status generally, during the ten–year period before the priority date on his mother's visa petition became current. *See In re M-R-A-*, 24 I. & N. at 674.

Because the agency reasonably concluded that He failed to rebut the slight presumption that he had received notice of his October 1999 hearing, it did not abuse its discretion in denying He's motion to rescind the *in absentia* removal order. *See* 8 U.S.C. § 1229a(b)(5)(C)(ii); *see also Alrefae*, 471 F.3d at 359–60.

## B.  Motion to Reopen

An alien may file only one motion to reopen and must do so within 90 days of the agency's final administrative decision.  8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). To the extent that the BIA construed He's 2010 motion as a motion to reopen to apply for adjustment of status, the BIA properly found that the 2010 motion was untimely because it was filed more than ten years after the IJ's *in absentia* removal order in 1999.  *See* 8 U.S.C. § 1229a(c)(7)(C)(i).  The BIA also properly found that He's eligibility for adjustment of status did not constitute an exception to the applicable time limitation on motions to reopen.  *See* 8 U.S.C.

§ 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(3); *see also In re Yauri*, 25 I. & N. Dec. 103, 105 (B.I.A. 2009). Further, even if we were to construe his motion as one invoking the BIA's authority to reopen his proceedings *sua sponte*, we would lack jurisdiction to review the BIA's discretionary decision not to exercise that authority. *See Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009); *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7