16-1061
Quishpin v. Sessions

BIA
Cheng, IJ
A088 769 715

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of April, two thousand seventeen.

PRESENT:
            JOHN M. WALKER, JR.,
            JOSÉ A. CABRANES,
            BARRINGTON D. PARKER,
                  *Circuit Judges.*
_____

SEGUNDO PABLO QUISHPIN,
            *Petitioner*,

            v.                                          16-1061
                                                        NAC
JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
            *Respondent.*
_____

FOR PETITIONER:        H. Raymond Fasano, New York, NY.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy
                       Assistant Attorney General; Terri J.
                       Scadron, Assistant Director; Lisa M.
                       Damiano, Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Segundo Pablo Quishpin, a native and citizen of Ecuador, seeks review of a March 8, 2016, decision of the BIA affirming a September 22, 2014, decision of an Immigration Judge ("IJ") denying Quishpin's motion to rescind his removal order entered in absentia. *In re Segundo Pablo Quishpin*, No. A088 769 715 (B.I.A. Mar. 8, 2016), *aff'g* No. A088 769 715 (Immig. Ct. N.Y. City Sept. 22, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's denial of a motion to rescind for abuse of discretion. *Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006).

An order of removal entered in absentia "may be rescinded . . . upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice . . . and the failure to appear was through no fault of the alien." 8 U.S.C. § 1229a(b)(5)(C)(ii). When the Government

establishes that a hearing notice was sent to an alien in accordance with established procedures, the agency may apply a "slight presumption of receipt." *Silva-Carvalho Lopes v. Mukasey*, 517 F.3d 156, 160 (2d Cir. 2008). "[T]o determine whether the slight presumption of receipt of regular mail has more probably than not been overcome," the agency "must consider all of the petitioner's evidence (circumstantial or otherwise) in a practical fashion, guided by common sense." *Id.* The agency may consider, among other factors and evidence, the following:

> (1) the respondent's affidavit; (2) affidavits from family members or other individuals who are knowledgeable about the facts relevant to whether notice was received; (3) the respondent's actions upon learning of the in absentia order, and whether due diligence was exercised in seeking to redress the situation; (4) any prior affirmative application for relief, indicating that the respondent had an incentive to appear; (5) any prior application for relief filed with the Immigration Court or any prima facie evidence in the record or the respondent's motion of statutory eligibility for relief, indicating that the respondent had an incentive to appear; (6) the respondent's previous attendance at Immigration Court hearings, if applicable; and (7) any other circumstances or evidence indicating possible nonreceipt of notice.

*Matter of M-R-A-*, 24 I. & N. Dec. 665, 674 (B.I.A. 2008).

The agency reasonably applied the slight presumption that Quishpin received notice of his hearing given evidence that the agency sent a hearing notice to the address he had provided

3

immigration officials.  *See Silva-Carvalho Lopes*, 517 F.3d at 160.  And the agency did not err in concluding that Quishpin failed to rebut this presumption.  Quishpin and his brother submitted affidavits that made conclusory assertions of nonreceipt.  But they did not explain why Quishpin had provided a Queens address on his release from immigration detention in 2010 if he was living in the Bronx, or describe any action he took in his removal proceedings in the almost five years that passed between his personal receipt of the Notice to Appear, which placed him in removal proceedings and informed him of his responsibility to update his address, and his filing of a motion to rescind.  For aliens who receive notice of their obligation to inform the immigration court of any change in address and of the consequences of failing to do so in a Notice to Appear, the "requirement that an alien 'receive' notice [is] constructively satisfied if notice is properly provided and the alien changes address without informing the [agency]." *Maghradze v. Gonzales*, 462 F.3d 150, 154 (2d Cir. 2006).

The agency also reasonably found troubling that Quishpin failed to inquire into the status of his removal proceedings or apply for relief in those proceedings for five years.  *See Matter of M-R-A-*, 24 I. & N. Dec. at 674.  And although he applied for asylum, withholding of removal, and relief under

4

the Convention Against Torture ("CAT") in conjunction with his motion to rescind, the agency reasonably concluded that his claim—that an unnamed individual had threatened him to induce him to join a gang more than five years earlier—was insufficient to demonstrate his prima facie eligibility for that relief.[*] Therefore, given that Quishpin failed to inquire about or apply for relief in his proceedings for years and then failed to establish his prima facie eligibility for relief, he did not demonstrate that he had incentive to appear at his hearing and would have done so had he received notice. *See Matter of M-R-A-*, 24 I. & N. Dec. at 674.

Accordingly, because Quishpin failed to provide any basis to conclude that he had not received the hearing notice sent to his address of record, the agency did not abuse its discretion in declining to rescind his in absentia removal order. *See* 8 U.S.C. § 1229a(b)(5)(C)(ii); *see also Silva-Carvalho Lopes*,

---

[*]See 8 U.S.C. § 1158(a)(2)(B) (requiring asylum application to be filed within one year of arrival); *see also Ci Pan v. U.S. Att'y General*, 449 F.3d 408, 412-13 (2d Cir. 2006) (recognizing that unfulfilled threats do not constitute persecution); *INS v. Elias-Zacarias*, 502 U.S. 478, 482 (1992)(holding that forced recruitment is not basis for asylum absent evidence of targeting on account of political opinion); *Matter of S-E-G-*, 24 I. & N. Dec. 579, 582-88 (BIA 2008) (holding that individuals resistant to gang recruitment were not a cognizable particular social group); *Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir. 2003) (holding that CAT relief requires evidence that someone in applicant's "particular alleged circumstances is more likely than not to be tortured").

517 F.3d at 160; *Matter of M-R-A-*, 24 I. & N. Dec. at 674.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk