Singh v. Sessions

BIA
Loprest, IJ
A205 586 263

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of May, two thousand eighteen.

PRESENT: JOHN M. WALKER, JR.,
DENNIS JACOBS,
                    <u>Circuit Judges</u>,
KATHERINE B. FORREST,
                    <u>District Judge</u>.*

_____

KULDEEP SINGH,
                    <u>Petitioner</u>,

v.                                                     15-3929
                                                       NAC

JEFFERSON B. SESSIONS III,

_____

* Judge Katherine B. Forrest, District Court Judge of the United States District Court for the Southern District of New York, sitting by designation.

**UNITED STATES ATTORNEY GENERAL,**

        <u>**Respondent.**</u>

_____

FOR PETITIONER:        Pardeep Singh Grewal, Castro Valley, CA.

FOR RESPONDENT:        John S. Hogan, Assistant Director, Lindsay Corliss, Trial Attorney, <u>for</u> Chad A. Readler, Acting Assistant Attorney General, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

      **UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

      Petitioner Kuldeep Singh, a native and citizen of India, seeks review of a November 5, 2015, decision of the BIA affirming a July 24, 2014, decision of an Immigration Judge ("IJ") denying Singh's motion to rescind his removal order entered in absentia.  <u>In re Kuldeep Singh</u>, No. A 205 586 263 (B.I.A. Nov. 5, 2015), aff'g No. A 205 586 263 (Immig. Ct. N.Y. City July 24, 2014).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

      Singh entered the United States without authorization in March 2013 and was taken into immigration custody in Arizona.  At a credible fear interview, he asserted that he was beaten in India and feared future mistreatment based on his political opinion.  He was personally served with a Notice to Appear in April 2013 ("NTA").  The NTA was read to Singh in Punjabi (his native language); it instructed Singh to provide his address for service of future hearing notices and to notify the immigration court immediately of any address change.  Singh was warned that failure to do so would relieve the Government from providing him with written notice of his hearing, and that he could be ordered <u>in absentia</u> to be removed for failing to appear.

When Singh was released from immigration custody in May 2013, he gave the DHS an address in South Richmond Hill, New York. The release notice reflects that Singh was reminded of the need to update his address and was given the address change form. Singh then successfully moved pro se to change venue to the New York City immigration court; his motion stated that "he[] will receive mail and be living" at the South Richmond Hill address. AR 106.

In June 2013, a notice for an August 2013 hearing was mailed to the South Richmond Hill address. The August hearing notice was not returned as undeliverable, and Singh failed to appear for the August 2013 hearing. The IJ scheduled another hearing for October 18, 2013. The corresponding hearing notice listed the South Richmond Hill address, but the certificate of service on the notice reflected that it was personally served by court staff at 26 Federal Plaza on August 6, 2013. The IJ ordered Singh removed in absentia when he failed to appear for the October 18, 2013 hearing.

Six months later, in April 2014, Singh moved, through counsel, to reopen his proceedings and rescind the in absentia removal order. Singh asserted that the son-in-law of the travel agent who helped him enter the United States had broken his promises to house Singh at the South Richmond Hill address and to keep Singh apprised of his immigration proceedings, and that Singh had moved to California and had never received notice of the October 2013 hearing. Singh also asserted that the travel agent's son-in-law demanded that Singh meet him in New York in October 2013 and pay him $5,000 (in addition to the $60,000 that Singh's family had already paid), but that Singh did not go because he suffered from severe lower back pain and could not travel.

In June 2014, the IJ denied Singh's motion. He construed it as requesting both [i] reopening based on changed country conditions and [ii] rescission of the in absentia removal order based on lack of notice and exceptional circumstances. Reopening was denied because Singh failed to submit an asylum application or demonstrate his prima facie eligibility for relief. The IJ denied the motion to rescind, finding that the October hearing notice was mailed to the South

3

Richmond Hill address Singh had provided, that Singh was on notice of his obligation to inform the court of any change in address and of the consequences for failing to do so, and that he failed to update the court with his California address. Lastly, the IJ found no exceptional circumstances excusing Singh's failure to appear. The IJ reasoned that Singh had not complied with the requirements for alleging ineffective assistance against the travel agent's son-in-law; nor had he exercised diligence in pursuing his case since the in absentia order issued, and that Singh's back pain did not excuse his absence.

Singh argued to the BIA that the October hearing notice may not have been mailed because the notice itself stated that it was served personally. (Although Singh failed to appear for the August 2013 hearing, he concedes that the travel agent's son-in-law hired counsel on his behalf.)

Singh timely petitioned this Court for review and we granted him in forma pauperis status. His argues on appeal that the agency failed to analyze whether he rebutted the presumption that he received the October hearing notice, and that it applied the wrong legal standards to determine if interference of the travel agent's son-in-law constituted an exceptional circumstance, and thus abused its discretion. Specifically, he argued that the IJ erred by stating that the October notice was mailed, given that the notice reflects personal service.

Under the circumstances of this case, we have reviewed the decisions of both the IJ and BIA "for the sake of completeness." Wangchuck v. DHS, 448 F.3d 524, 528 (2d Cir. 2006). We review the denial of a motion to rescind an in absentia removal order for abuse of discretion. See Alrefae v. Chertoff, 471 F.3d 353, 357 (2d Cir. 2006).

There are two grounds to rescind an in absentia removal order: (1) lack of notice of the hearing; and (2) exceptional circumstances for failure to appear if rescission is requested within 180 days. 8 C.F.R. § 1003.23(b)(4)(iii)(A); 8 U.S.C. § 1229a(b)(5)(C). "[T]he BIA must consider all of the petitioner's evidence (circumstantial or otherwise) in a practical fashion, guided by common sense, to determine whether the slight presumption of receipt of regular mail has more

4

probably than not been overcome." Silva-Carvalho Lopes v. Mukasey, 517 F.3d 156, 160 (2d Cir. 2008). Aliens (such as Singh) who receive notice of their obligation to inform the immigration court of any change in address and of the consequences of failing to do so (see 8 U.S.C § 1229(a)), are deemed to have received properly provided notice. Maghradze v. Gonzales, 462 F.3d 150, 154 (2d Cir. 2006).

Singh suggests that the IJ erred in stating that the second notice was mailed. However, Singh stated in his motion to reopen that the second notice was mailed to the South Richmond address on August 16, 2013. When notice of a hearing is served via mail, there is a rebuttable presumption of receipt, which the IJ correctly applied. Silva-Carvalho Lopes, 517 F.3d at 159. Singh does not overcome this rebuttable presumption. In particular, he does not contest that the first notice was sent to an address he provided, that he was duly warned of the consequences of the failure to keep his address current, that he failed to do so, and that he failed to appear for his scheduled August hearing. Singh also fails to demonstrate any exceptional circumstances.

For the foregoing reasons, the petition for review is **DENIED**. As we have completed our review, any stay of removal that the Court previously granted in this petition is **VACATED**, and any pending motion for a stay of removal in this petition is **DISMISSED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5