Orellana v. Barr

BIA
Mulligan, IJ
A078 326 683

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of March, two thousand twenty.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> JON O. NEWMAN,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

LUIS FERNANDO ORELLANA,
> *Petitioner,*

v.                                              18-2640
                                                NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        David Jadidian, Esq., Jackson
                       Heights, NY; Joseph Alexander
                       Brophy, Brophy & Lenahan P.C.,
                       Newtown Square, PA.

**FOR RESPONDENT:**                    Jesse D. Lorenz, Trial Attorney;
                                       Kohsei Ugumori, Senior Litigation
                                       Counsel; Joseph H. Hunt, Assistant
                                       Attorney General, United States
                                       Department of Justice, Washington,
                                       DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Luis Fernando Orellana, a native and citizen of Ecuador, seeks review of a BIA decision affirming the decision of an Immigration Judge ("IJ") denying Orellana's motion to reopen and for rescission of his in absentia removal order. *In re Luis Fernando Orellana,* No. A 078 326 683 (B.I.A. Aug. 30, 2018), *aff'g* No. A 078 326 683 (Immig. Ct. N.Y. City Apr. 17, 2018). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered the IJ's decision as supplemented by the BIA. *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Motions to reopen in absentia removal orders are governed by different rules depending on whether the movant seeks to rescind the order or present new evidence of eligibility for relief from removal. *See Song Jin Wu v. INS*, 436 F.3d 157, 163 (2d Cir. 2006); *In*

2

*re M-S-*, 22 I. & N. Dec. 349, 353–55 (BIA 1998). Accordingly, when, as here, an alien files a motion that seeks both rescission of an in absentia removal order and reopening for consideration of an application for relief from removal, we treat the motion as including distinct motions to rescind and to reopen. *See Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006). We review the denial of a motion to rescind an in absentia removal order under the same abuse of discretion standard applicable to motions to reopen. *See id.; see also Maghradze v.* Gonzales, 462 F.3d 150, 152 (2d Cir. 2006).

Motion to Rescind

The law recognizes two grounds to rescind an in absentia removal order: (1) the petitioner's lack of notice of the hearing, and (2) if the petitioner seeks rescission within 180 days of the order's entry, exceptional circumstances for failure to appear. 8 U.S.C. § 1229a(b)(5)(C); 8 C.F.R. § 1003.23(b)(4)(ii). Only the first ground is at issue here because Orellana filed his motion 16 years after the agency entered the in absentia removal order.

We conclude that the agency did not abuse its discretion in denying Orellana's motion to rescind. If, as here, notice is "served via regular mail," we apply "a less stringent,

3

rebuttable presumption of receipt" than we do if it had been served by certified mail. *Silva-Carvalho Lopes v. Mukasey*, 517 F.3d 156, 159 (2d Cir. 2008) (internal quotation marks omitted). We think the agency is due a slight presumption that Orellana received notice of his December 2001 hearing based on the following. In February 2001, Orellana was personally served with a Notice to Appear ("NTA"). That NTA placed him in removal proceedings, informed him that a hearing date would be set, and warned him that he could be removed in absentia if he failed to attend his hearing. In July 2001, a Notice of Hearing was mailed to him at the address he provided. He asserts that he did not receive the NTA setting the date for a hearing. Because the agency sent Orellana's hearing notice to his address of record, however, he is presumed to have received that notice. *See id.*

Orellana did not rebut this presumption. He failed to inquire about the applicable proceedings for approximately 14 years despite being personally served with the NTA; he failed to move to reopen until approximately one year after he was detained and apparently learned of the removal order. He never submitted an application for asylum or gave the agency any details regarding his allegation of past harm. We

4

therefore affirm the agency's denial of Orellana's motion to rescind. *See Matter of M-R-A-*, 24 I. & N. Dec. 665, 674 (BIA 2008).

Motion to Reopen

An alien seeking to reopen proceedings may file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.23(b)(1). It is undisputed that Orellana's motion to reopen, filed nearly 16 years after his removal order, was untimely. The time limitation may be excused, however, to allow an individual to apply for asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.23(b)(4). Also, the time period may be tolled to account for an applicant's having received ineffective assistance of counsel. *See Iavorski v. U.S. INS*, 232 F.3d 124, 134 (2d Cir. 2000). Orellana's brief to this Court does not assert a basis for extending the time for his motion to reopen apart from the lack of hearing notice. Thus, he has waived any challenge regarding the timeliness of his request to reopen to apply for asylum. *See Yueqing Zhang v.*

5

*Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (holding that a party's "single conclusory sentence" in his brief regarding a claim of error was tantamount to a waiver of that claim). While Orellana argues that the BIA improperly relied on *Matter of A-B-*, 27 I. & N. Dec. 316, 320 (A.G. 2018), for the proposition that persecution based on domestic violence or gang violence is not cognizable, we do not reach that issue because he did not first establish that his untimely filing should be excused to enable him to apply for asylum.

Even absent Orellana's waiver, the agency did not abuse its discretion in denying the motion. First, a motion to reopen for purposes of allowing an application for relief must be accompanied by an application and supporting evidence, yet Orellana filed no such application and made no detailed allegations of past harm. 8 C.F.R. § 1003.23(b)(3) ("Any motion to reopen for the purpose of acting on an application for relief must be accompanied by the appropriate application for relief and all supporting documents."). Nor did he assert that any change in conditions rendered him newly eligible for asylum.

Orellana also did not state an ineffective assistance claim. To pursue an ineffective assistance claim, an alien

6

must first substantially comply with the procedural requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1998). Orellana failed to provide an affidavit detailing his agreement with his former counsel; he did not show that he informed his prior counsel of his allegations; and he did not explain why he failed to file any complaint against his attorney. *See Lozada*, 19 I. & N. Dec. at 639. "[A]n alien who has failed to comply substantially with the *Lozada* requirements in h[is] motion to reopen before the BIA forfeits h[is] ineffective assistance of counsel claim in this Court." *Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 47 (2d Cir. 2005).

Orellana does not challenge the agency's other grounds for its denial of reopening or its decision not to reopen the matter sua sponte. His argument that, under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), the agency's jurisdiction over his case was defective because his NTA did not include a date and time for his prospective hearing, is foreclosed by *Banegas Gomez v. Barr*, 922 F.3d 101, 105 (2d Cir. 2019).[1]

---

[1] Given our decision in *Banegas Gomez*, we deny the motion from the Immigrant Rights Clinic of Washington Square Legal Services for leave to file an amicus curiae brief.

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

                                  FOR THE COURT:
                                  Catherine O'Hagan Wolfe,
                                  Clerk of Court