Heitor v. Barr

BIA
Straus, IJ
A078 323 092

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of December, two thousand twenty.

PRESENT:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge*,
> REENA RAGGI,
> JOSEPH F. BIANCO,
> > *Circuit Judges*.

_____

ERITON JOABIS HEITOR,
> *Petitioner*,

v.                                                        17-3219
                                                         NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:            Glenn L. Formica, New Haven, CT.

FOR RESPONDENT:            Joseph H. Hunt, Assistant Attorney
                           General; Song Park, Senior
                           Litigation Counsel; Micah Engler,

Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Eriton Joabis Heitor, a native and citizen of Brazil, seeks review of a September 14, 2017, decision of the BIA affirming a May 24, 2017, decision of an Immigration Judge ("IJ") denying Heitor's motion to reopen proceedings and rescind his in absentia removal order. *In re Eriton Joabis Heitor,* No. A 078 323 092 (B.I.A. Sept. 14, 2017), *aff'g* No. A 078 323 092 (Immig. Ct. Hartford May 24, 2017). Heitor separately moves for remand to the BIA for consideration of his argument that the immigration court lacked authority to order his removal in light of *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, there is no merit to Heitor's argument, raised in his motion to remand, that he is entitled to relief under *Pereira*. To the extent that he argues that

2

his Notice to Appear ("NTA") was insufficient to vest jurisdiction in the immigration court under *Pereira*, his argument is foreclosed by our decision in *Banegas-Gomez v. Barr*, in which we held that *Pereira* does not "void jurisdiction in cases in which an NTA omits a hearing time or place" and that an NTA lacking this information is sufficient to vest jurisdiction "so long as a notice of hearing specifying this information is later sent to the alien." 922 F.3d 101, 110, 112 (2d Cir. 2019) (emphasis omitted). Although Heitor's April 2001 NTA did not specify the time and date of his initial hearing, he was personally served with a notice providing a hearing date of May 9, 2001—and he attended that hearing. To the extent that he relies on *Pereira* to argue that he could not have been expected to attend his hearings because of the alleged NTA defect, this argument fails because he appeared at his initial hearing.

Heitor's challenges to the agency's denial of his motion to rescind his in absentia removal order are also without merit. We have reviewed the IJ's decision denying the motion to rescind as supplemented by the BIA. *See Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the denial of a

3

motion to rescind or reopen for abuse of discretion. *Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006). As relevant here, the agency may rescind an in absentia removal order if the alien demonstrates that he lacked notice of the hearing or, if rescission is requested within 180 days, "if the alien demonstrates that the failure to appear was because of exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(C); *see* 8 C.F.R. § 1003.23(b)(4)(ii).

The agency did not abuse its discretion in finding that Heitor received adequate notice of the hearing where he failed to appear. If, as here, notice is "served via regular mail" rather than certified mail, there is "a 'less stringent, rebuttable presumption' of receipt." *Silva-Carvalho Lopes v. Mukasey*, 517 F.3d 156, 159 (2d Cir. 2008) (quoting *Alrefae*, 471 F.3d at 359). The agency "must consider all of the petitioner's evidence (circumstantial or otherwise) in a practical fashion, guided by common sense, to determine whether the slight presumption of receipt of regular mail has more probably than not been overcome." *Id.* at 160. However, for aliens who receive notice of their obligation to inform the immigration court of any change in address and of the

4

consequences of failing to do so, the "requirement that an alien 'receive' notice [is] constructively satisfied if notice is properly provided and the alien changes address without informing" the agency. *Maghradze v. Gonzales*, 462 F.3d 150, 154 (2d Cir. 2006); *see* 8 U.S.C. § 1229(a).

Here, the record reflects that Heitor did not actually receive notice of the hearing because the notice was returned as undeliverable. But this fact is not dispositive because the NTA, which Heitor did receive, provided notice of his obligation to update his address with the immigration court if he moved. *Maghradze*, 462 F.3d at 154. The agency did not abuse its discretion in finding that the notice was properly provided to the address in the record, and that Heitor effectively "thwarted delivery" because he did not demonstrate that he was living or receiving mail at that address. *Id.* Heitor affirmed that he moved to the Hartford address after he was released on bond, but he did not provide any information about how long he remained there or whether he ever received mail there. The record indicates that Heitor did eventually move, but not that he informed the agency of his new address; to the contrary, Heitor asserted

5

in his affidavit that he was not aware of his obligation to do so. Because counsel's statement in a brief is not evidence, the BIA properly discounted Heitor's attorney's assertion on appeal that Heitor lived at the address he had provided the agency for one year. *See Pretzantzin v. Holder*, 736 F.3d 641, 651 (2d Cir. 2013). The address on the enclosed hearing notice was correct, and the Government is entitled to a presumption that the agency properly addressed the envelope. *See Nat'l Archives and Records Admin. v. Favish*, 541 U.S. 157, 174 (2004) (discussing, in the context of a FOIA application, the presumption that government officials have properly performed their duties). The USPS endorsement indicates that Heitor was not known at the address, not that the address was illegible or that delivery at the address of record could not otherwise be attempted. Circumstantial evidence in the record that Heitor might not have thwarted delivery is not compelling: Heitor appeared at a previous hearing, but he was detained at the time; and although Heitor now asserts that he had an incentive to appear because he has a meritorious asylum claim, he did not attempt to pursue it for more than 15 years and it is not a strong claim—abuse at

the hands of his father does not appear to implicate a protected ground as needed to state an asylum claim. *See* 8 U.S.C. § 1101(a)(42); *cf. Matter of M-R-A-*, 24 I. & N. Dec. 665, 674 (BIA 2008) (describing evidence that may be relevant to rebutting the presumption that a notice sent by regular mail was delivered, including appearances at prior hearings and evidence that the alien is eligible for relief from removal). Accordingly, the agency did not abuse its discretion in finding that Heitor had constructive notice of his hearing.

The agency also did not abuse its discretion in denying Heitor's motion to the extent he alleged exceptional circumstances because he did not file his motion within 180 days of his removal order. *See* 8 U.S.C. § 1229a(b)(5)(C)(i); 8 C.F.R. § 1003.23(b)(4)(ii). Heitor was ordered removed in 2002, and he did not move to reopen until 2017. Even if the motion were timely, Heitor's assertion of past abuse is not a basis to rescind an in absentia order because he did not demonstrate that his "failure to appear was *because of*" these circumstances. 8 C.F.R. § 1003.23(b)(4)(ii) (emphasis added).

7

Finally, Heitor does not challenge the agency's denial of sua sponte reopening and has therefore waived review of that issue.  *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005) (finding claim not raised in brief abandoned).

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8