He v. Garland

BIA
Sponzo, IJ
A206 583 322

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of July, two thousand twenty-three.

PRESENT:
      JOHN M. WALKER, JR.,
      RAYMOND J. LOHIER, JR.,
      MYRNA PÉREZ,
          *Circuit Judges.*

_____

HUI HE,
      *Petitioner,*

      **v.**                              **20-3457**
                                         **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
      *Respondent.*

_____

**FOR PETITIONER:**             Aleksander Boleslaw Milch, Esq., The Kasen Law Firm, PLLC, Flushing, NY.

**FOR RESPONDENT:**            Brian Boynton, Principal Deputy Assistant Attorney General; John W. Blakeley, Assistant Director; Jessica D. Strokus, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for rehearing is GRANTED, our prior decision is VACATED, the petition for review is GRANTED for the reasons stated in this amended decision, and the matter is REMANDED to the BIA for further consideration.

Petitioner Hui He, a native and citizen of the People's Republic of China, seeks review of a September 29, 2020 decision of the BIA denying her motion to reconsider. *In re Hui He*, No. A 206 583 322 (B.I.A. Sept. 29, 2020). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reconsider for abuse of discretion.

*See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006). The BIA abuses its discretion where it "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Just.*, 265 F.3d 83, 93 (2d Cir. 2001).

The Government petitions for rehearing, emphasizing that our jurisdiction is limited to review of the BIA's decision denying reconsideration, and asserting that the prior order incorrectly reached a basis for the underlying decision and referred to an enjoined amendment to 8 C.F.R. § 1003.2(e)(1) as being now "in effect." Petitioner He responds that we did not exceed the scope of the BIA's denial of her motion to reconsider and, as to the enjoined regulation, that we could amend our order with language to reflect that the regulation is not currently in effect without granting rehearing.[1]

We grant the petition for rehearing as to the Government's first point. The

---

[1] The parties agree that the amendments to the regulation are subject to a nationwide preliminary injunction of amendments to § 1003.1. *See Centro Legal de la Raza v. Exec. Off. for Imm. Rev.*, 524 F. Supp. 3d 919, 947, 978–80 (N.D. Cal. 2021). We need not further address this issue as resolution of it is not necessary to our amended decision.

petition for review is timely only as to the denial of reconsideration, and Petitioner He did not separately petition for review of the BIA's decision summarily dismissing her appeal. *See* 8 U.S.C. § 1252(b)(1) (providing 30-day deadline for filing petitions for review). The petition for review of the BIA's denial of reconsideration does not toll the time to seek review of the BIA's underlying decision. *See Ke Zhen Zhao*, 265 F.3d at 89–90 (explaining that separate petitions for review must be timely filed from the final order of removal and any subsequent denial of reconsideration); *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) ("It is . . . well-established that the filing of a motion to reopen does not toll the time for filing a petition for review of the BIA's final exclusion or deportation orders."). We address the provisions for summary dismissal here simply to explain our understanding of the BIA's decision on reconsideration.

The BIA may "summarily dismiss any appeal" where, among other reasons, the appellant "fails to specify the reasons for the appeal" in the Notice of Appeal ("NOA") *or* states that "she will file a brief or statement in support of the appeal and, thereafter, does not file such brief or statement, or reasonably explain . . . her failure to do so, within the time set for filing." 8 C.F.R. § 1003.1(d)(2)(i)(A), (E).

The grounds are listed in the disjunctive. *Id.* The BIA dismissed the petitioner's appeal because her NOA did "not meaningfully apprise the [BIA] of the specific reasons underlying her challenge to the Immigration Judge's decision" and, "[m]oreover," the petitioner "did not file a brief within the time set for filing even though she . . . stated on the NOA that she would be filing a separate brief." Cert. Admin. R. at 36 (BIA Dec.). The BIA summed up as follows: "We conclude that this appeal should be summarily dismissed pursuant to 8 C.F.R. § 1003.1(d)(2)(i)(A), for failure to adequately specify the reasons for the appeal, *and* 8 C.F.R. § 1003.1(d)(2)(i)(E), for failure to file a written brief or statement within the time set for filing." *Id.* (emphasis added).

The BIA's denial of reconsideration reiterated that the summary dismissal was based on the failure to identify issues in the NOA and the failure to file a brief, but did not state that either basis would be independently dispositive. Cert. Admin. R. at 3 (BIA Dec. on Mot. to Reconsider). The BIA did not rely on the failure to identify issues in the NOA as a basis for denying the motion for reconsideration, which it might have done had it viewed that ground as an independent and dispositive basis for the underlying decision. Instead, it

5

rejected Petitioner He's claim that she did not receive a briefing schedule or transcript, concluding that the briefing schedule and transcript were served on counsel. .

Accordingly, we remand because the BIA's analysis of Petitioner He's claim of nonreceipt of the briefing schedule or hearing transcript was insufficient. In her request for reconsideration, Petitioner He alleged that her failure to file a brief ought to be excused because she never received the briefing schedule or hearing transcript. She supported this claim with her own affidavit of nonreceipt and an affidavit from her attorney's office manager stating that the office has a process for electronically logging mail and had no record of receipt of these documents.

"[A] presumption of receipt is proper so long as the record establishes that the notice was accurately addressed *and mailed*." *Lopes v. Gonzales*, 468 F.3d 81, 85 (2d Cir. 2006) (emphasis added). "[A] stringent presumption of delivery" applies to certified mail, whereas "the burden of proof to overcome the slight presumption of receipt in the context of regular mail is significantly lower." *Silva-Carvalho Lopes v. Mukasey*, 517 F.3d 156, 159–60 (2d Cir. 2008). The lower presumption may be overcome by affidavits indicating nonreceipt. *See Matter of M–R–A–*, 24 I. & N.

Dec. 665, 674 (B.I.A. 2008). "In determining whether a respondent has rebutted the weaker presumption of delivery . . . an Immigration Judge may consider a variety of factors," including "the respondent's affidavit," "affidavits from . . . individuals who are knowledgeable about the facts relevant to whether notice was received," "whether due diligence was exercised in seeking to redress the situation," and "any other circumstances or evidence indicating possible nonreceipt of notice." *Id.*

In this case, the BIA's analysis of Petitioner He's claim of nonreceipt of the briefing schedule or hearing transcript was insufficient. The BIA stated that the briefing notice was mailed, but there is no evidence of that mailing in the record, nor any statement about the type of mail used. Given that the "slight" presumption of delivery of regular mail "does no more than to shift a tie-breaking burden of proof to the alien claiming non-receipt," *Silva-Carvalho Lopes*, 517 F.3d at 160, the BIA should have explained why the affidavits of nonreceipt did not rebut the presumption, particularly given the lack of evidence of mailing and the diligence exercised following the BIA's dismissal of the appeal, *see Ke Zhen Zhao*, 265 F.3d at 93 (holding that abuse of discretion may occur where the agency

7

"provides no rational explanation" or where its decision "contains only summary or conclusory statements").

For the foregoing reasons, the petition for rehearing is GRANTED, our prior decision is VACATED, the petition for review is GRANTED as stated in this amended decision, and the matter is REMANDED to the BIA for further consideration.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8