22-6183
*Robles-Carmona v. Bondi*

BIA
Dodd, IJ
A203 810 302/457

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of April, two thousand twenty-five.

PRESENT:
>SUSAN L. CARNEY,
>RICHARD J. SULLIVAN,
>MYRNA PÉREZ,
>>*Circuit Judges.*

_____

ELSA ANGELINA ROBLES-CARMONA,
ISMER DAVID ESPINAL-ROBLES,

>*Petitioners*,

>v.                                                     No. 22-6183
>                                                        NAC

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,

>*Respondent*.

_____

**FOR PETITIONERS:** Joshua E. Bardavid, Bardavid Law, P.C., New York, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Sheri R. Glaser, Senior Litigation Counsel; Yanal H. Yousef, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioners Elsa Angelina Robles-Carmona and her minor son, natives and citizens of Honduras, seek review of a decision of the BIA affirming a decision of an Immigration Judge ("IJ") denying their motion to rescind the removal orders entered *in absentia* after they failed to appear for a hearing. *In re Elsa Angelina Robles-Carmona*, *Ismer David Espinal-Robles*, Nos. A203 810 302/457 (B.I.A. Mar. 24, 2022), *aff'g* Nos. A203 810 302/457 (Immigr. Ct. N.Y.C. Oct. 6, 2020). We assume the parties' familiarity with the underlying facts and procedural history.

When the BIA adopts the IJ's reasoning and offers additional analysis, we consider both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review

the agency's denial of a motion to rescind a removal order entered *in absentia* for abuse of discretion. *See Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006). The agency abuses its discretion when its "decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the [agency] has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Just.*, 265 F.3d 83, 93 (2d Cir. 2001) (citations omitted).

An alien who fails to appear at her removal proceedings after being provided with written notice "shall be ordered removed *in absentia* if the [government] establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable." 8 U.S.C. § 1229a(b)(5)(A). The agency may rescind such a removal order, as relevant here, "upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice in accordance with paragraph (1) or (2) of section 1229(a)" of the Immigration and Nationality Act, which sets forth the requirements of a notice to appear. *Id.* § 1229a(b)(5)(C)(ii); *see also* 8 C.F.R. § 1003.23(b)(4)(ii).

We remand for the agency to further consider the record. First, the IJ misinterpreted the law governing motions to rescind *in absentia* removal orders.

3

Specifically, the IJ found "dispositive" the fact that "the [immigration] court sent the notice of hearing to the address indicated on the [notice to appear]." Certified Admin. Rec. ("CAR") at 38. This is incorrect. "[W]hen considering the motion to reopen, the central issue no longer is whether the notice was properly mailed (as it is for the purpose of initially entering the *in absentia* order), but rather whether the alien actually *received* the notice." *Alrefae*, 471 F.3d at 359 (internal quotation marks omitted) (quoting *Lopes v. Gonzales*, 468 F.3d 81, 84 (2d Cir. 2006)).

Relatedly, the IJ deemed Robles-Carmona's affidavit, in which she asserted that she continued to check her mail at the address the hearing notice was sent to and never received the notice, irrelevant. CAR at 38. While we have held that "a presumption of receipt is proper so long as the record establishes that the notice was accurately addressed and mailed in accordance with normal office procedures," *Lopes*, 468 F.3d at 85, this "slight presumption . . . in the context of regular mail" may be overcome with evidence of non-receipt of the notice, *Silva-Carvalho Lopes v. Mukasey*, 517 F.3d 156, 160 (2d Cir. 2008). While the IJ was not required to find Robles-Carmona's affidavit sufficient to rebut the presumption of delivery, the affidavit was relevant to that inquiry, and the IJ should have considered it and explained why it was insufficient. *See Alrefae*, 471 F.3d at 360

4

(concluding that the "IJ erred in rejecting [petitioner's] claim of nonreceipt by failing to explain why [he] had not rebutted the presumption of receipt").

The BIA's decision did not fully cure these errors. While the BIA acknowledged that the correct inquiry was whether Robles-Carmona received the hearing notice, we cannot conclude that it considered all relevant evidence before affirming the IJ's ruling. The BIA stated that the IJ "considered the evidence of record submitted by [Robles-Carmona], including [her] affidavit," CAR at 4, but as noted above, the IJ found the affidavit irrelevant. And neither the IJ nor the BIA considered other factors relevant to whether Robles-Carmona had rebutted the presumption of delivery, such as her assertions that she had attended all check-ins with Immigration and Customs Enforcement ("ICE"), diligently and promptly moved to rescind, and intended to apply for asylum. *See Lopes*, 468 F.3d at 85–86 ("Although an affidavit of non-receipt might be insufficient by itself to rebut the presumption, it does raise a factual issue that the [agency] must resolve by taking account of *all* relevant evidence . . . ."). "[T]he BIA must consider all of the petitioner's evidence (circumstantial or otherwise) in a practical fashion, guided by common sense, to determine whether the slight presumption of receipt of regular mail has more probably than not been overcome." *Silva-Carvalho Lopes*,

5

517 F.3d at 160.

We express no opinion on the merits of Robles-Carmona's motion to rescind, but remand for the agency to consider all relevant evidence, including circumstantial evidence, offered to rebut the presumption of receipt. *See Matter of M-R-A-*, 24 I. & N. Dec. 665, 674 (B.I.A. 2008) (listing "variety of factors" to be considered in determining a motion to rescind); *see also Lopes*, 468 F.3d at 85–86 (remanding, notwithstanding petitioner's "bare [affidavit] claim of non-receipt," because agency "failed to consider three [circumstantial] facts that might weigh in favor of" petitioner (internal quotation marks omitted)).[1]

For the foregoing reasons, the petition for review is GRANTED and the case is REMANDED for further proceedings. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] We have previously allowed that "aliens who fail to provide a written update of a change of address are deemed to have constructively received notice provided in accordance with the requirements of 8 U.S.C. § 1229(a)." *Maghradze v. Gonzales*, 462 F.3d 150, 154 (2d Cir. 2006). Because the BIA did not rest its decision on this ground, we have no occasion to consider its potential application to this case.