23-6727
Vaghari v. Bondi

BIA
Dodd, IJ
A203 677 457/458/459

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of September, two thousand twenty-five.

PRESENT:
    GERARD E. LYNCH,
    DENNY CHIN,
    MARIA ARAÚJO KAHN,
        *Circuit Judges.*
_____

BAKABHAI JOITABHAI VAGHARI,
KETAN KUMAR VAGHARI,
MADHUBEN VAGHARI,
        *Petitioners*,

        v.                                          **23-6727**
                                                    **NAC**
PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

**FOR PETITIONERS:**  Jatinder S. Grewal, Esq., Pannun The Firm, P.C., East Elmhurst, NY.

**FOR RESPONDENT:**  Brian Boynton, Principal Deputy Assistant Attorney General; Keith I. McManus, Assistant Director; Leslie McKay, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, and the matter is REMANDED.

Petitioners Bakabhai Joitabhai Vaghari, Madhuben Vaghari, and their child, natives and citizens of India, seek review of a June 14, 2023, decision of the BIA dismissing their appeal of an April 6, 2021, decision of an Immigration Judge ("IJ") denying their motion to reconsider the denial of their motion to rescind their in absentia removal orders. *In re Bakabhai Joitabhai Vaghari, et al.,* Nos. A 203 677 457/458/459 (B.I.A. June 14, 2023), *aff'g* Nos. A 203 677 457/458/459 (Immig. Ct. N.Y. City Apr. 6, 2021). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the BIA's decision and the portions of the IJ's decisions that the BIA relied on. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review the agency's decision for abuse of discretion. *See Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006). "An abuse of discretion may be found . . . where the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Just.*, 265 F.3d 83, 93 (2d Cir. 2001) (citations omitted). We find an abuse of discretion here because the agency misstated the dispositive issue and failed to consider relevant factors and evidence.

"Any alien who, after written notice . . . , does not attend a [removal] proceeding . . . shall be ordered removed in absentia if the Service establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable . . . ." 8 U.S.C. § 1229a(b)(5)(A). "Such an order may be rescinded," as relevant here, "upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice in

accordance with paragraph (1) or (2) of section 1229(a)." *Id.* § 1229a(b)(5)(C)(ii); *see also* 8 C.F.R. § 1003.23(b)(4)(ii). "[W]hen considering the motion to reopen, the central issue no longer is whether the notice was properly mailed (as it is for the purpose of initially entering the in absentia order), but rather whether the alien actually *received* the notice." *Alrefae*, 471 F.3d at 359 (quotation marks omitted) (emphasis in original).

The agency did not err in presuming that Vaghari received his notice of hearing because it was mailed to the address of record in the immigration court. "[I]n the context of regular mail, a presumption of receipt is proper so long as the record establishes that the notice was accurately addressed and mailed in accordance with normal office procedures." *Lopes v. Gonzales*, 468 F.3d 81, 85 (2d Cir. 2006). This presumption is not overcome by Vaghari's assertion that he was unaware that he had to update his address with the immigration court because the information was provided in Hindi, rather than his native Gujarati. The translator noted that Vaghari's Hindi was perfect, and there is no requirement that a notice to appear "be provided in any particular language." *Id*.

However, the agency erred by not considering whether Vaghari's affidavit and other evidence rebutted the presumption of receipt. "[T]he BIA must

4

consider all of the petitioner's evidence (circumstantial or otherwise) in a practical fashion, guided by common sense, to determine whether the slight presumption of receipt of regular mail has more probably than not been overcome." *Silva-Carvalho Lopes v. Mukasey*, 517 F.3d 156, 160 (2d Cir. 2008). The evidence to be considered includes, but is not limited to "(1) the [movant]'s affidavit; (2) affidavits from family members or other individuals who are knowledgeable about the facts relevant to whether notice was received; (3) the [movant]'s actions upon learning of the in absentia order, and whether due diligence was exercised in seeking to redress the situation; (4) any prior affirmative application for relief, indicating that the [movant] had an incentive to appear; (5) any prior application for relief filed with the Immigration Court or any prima facie evidence in the record or the [movant's] motion of statutory eligibility for relief, indicating that the [movant] had an incentive to appear; (6) the [movant's] previous attendance at Immigration Court hearings, if applicable; and (7) any other circumstances or evidence indicating possible nonreceipt of notice." *Matter of M–R–A–*, 24 I. & N. Dec. 665, 674 (B.I.A. 2008).

The IJ's decision identifies the issue as whether "the Court properly served [Vaghari] with a notice of the hearing" and reasons that because Vaghari was

notified through his notice to appear of his obligation to update the court with his address, reopening was not warranted. The IJ thus misidentified the issue. The "central issue" in considering a motion to rescind an in absentia removal order is "whether the alien actually *received* the notice." *Alrefae*, 471 F.3d at 359. The IJ then failed to discuss the relevant issue or evidence. The BIA's decision did not cure these errors. While it identified the correct inquiry as whether Vaghari received the notice, and cited *Matter of M–R–A–* for the factors to consider in determining if a movant established nonreceipt, it did not address Vaghari's evidence or explain why it did not rebut the presumption of delivery. *Id.* at 360 (finding that "IJ erred in rejecting [the] claim of nonreceipt by failing to explain why [the movant's affidavit] had not rebutted the presumption of receipt"). Accordingly, we remand for further consideration of that evidence, including Vaghari's claims that he promptly informed Immigration and Customs Enforcement of his address change at a check-in and had a friend check the status of his case, and the evidence that he attended all check-ins and promptly hired an attorney to move to reopen once he knew a removal order had been issued. *See Lopes*, 468 F.3d at 86 (remanding where agency failed to consider that petitioner disclosed the removal order when applying to adjust status, had a pending

6

application for an immigration benefit, and notified the INS of a change in address).

For the foregoing reasons, the petition for review is GRANTED and the matter is REMANDED for further consideration.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court